PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
EVERETT L. GREEN, SBN 237936
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-2804
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Everett.L.Green@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>7419 LLC,<br><br>         Debtor &<br>         Debtor-In-Possession. | Case No. 6:24-bk-12519-RB<br><br>Chapter 11<br><br>**NOTICE OF DEBTOR'S DELINQUENCY AND FAILURE TO COMPLY WITH UNITED STATES TRUSTEE REPORTING REQUIREMENTS PURSUANT TO 11 U.S.C. § 1112 AND LOCAL BANKRUPTCY RULE 2015-2**<br><br>**<u>Status Conference Hearing:</u>**<br>Date:      August 22, 2024<br>Time:      2:00 p.m.<br>Place:     Courtroom 303<br>          United States Bankruptcy Court<br>          3420 Twelfth Street<br>          Riverside, CA 92501 |

1  **TO THE HONORABLE MAGDALENA REYES BORDEAUX, UNITED STATES**

2  **BANKRUPTCY COURT JUDGE, DEBTOR, AND ALL PARTIES-IN-INTEREST:**

3       **PLEASE TAKE NOTICE** that all chapter 11 debtors and debtors-in-possession in the Central

4  District of California are required to comply with the *Guidelines and Requirements for Chapter 11*

5  *Debtors In Possession* ("U.S. Trustee Guidelines").[1]

6       The U.S. Trustee Guidelines generally require debtors to submit financial records and other

7  documents within seven days of the petition date to facilitate the U.S. Trustee's monitoring and oversight

8  responsibility of chapter 11 estates.

9       **PLEASE TAKE NOTICE** that, based upon a review of the U.S. Trustee's files and databases,

10  chapter 11 debtor 7419 LLC ("Debtor") failed to provide the following:

11       1.      Proof of Recordation of Petition.  Debtors are required to record a copy of the chapter 11

12  petition with the recorder of each county or other applicable political subdivision for each parcel of real

13  property owned by the debtor or in which the debtor has an ownership interest and provide proof of the

14  recorded petition to the U.S. Trustee.  Recording the petition, among other things, provides notice to

15  parties in the event the property is sold.  The Debtor has not complied with this mandate.

16       2.      Employment of Professionals.  Local Bankruptcy Rule 2014-1 requires a debtor's proposed

17  bankruptcy counsel and all professionals seeking to represent the debtor to file employment applications

18  "promptly as possible after the commencement of the case."  The Debtor's proposed bankruptcy counsel

19  has not sought court approval to represent the Debtor.

20       3.      Monthly Operating Reports.  Local Bankruptcy Rule 2015-2 and the U.S. Trustee

21  Guidelines require chapter 11 debtors to file monthly operating reports no later than the twenty-first day of

22  each month for the preceding month.  The Debtor failed to file reports for May and July of 2024.   Without

23  the reports, the U.S. Trustee is unable to monitor the Debtor's use of estate funds.

24

25

26

27

28

---

[1]      A true and correct copy is attached hereto.

**PLEASE TAKE FURTHER NOTICE** that the above deficiencies must be corrected no later than the close of business **September 5, 2024**.  Failure to comply may result in the filing of a motion to convert or dismiss this case.[2]

DATED: August 21, 2024

PETER C. ANDERSON
UNITED STATES TRUSTEE

By:    /s/ *Everett L. Green*
       Everett L. Green
       Trial Attorney

---

[2]    Failure of this notice to indicate the existence of a particular deficiency will not preclude a subsequent demand for compliance.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

   3801 University Ave., Ste. 720, Riverside, CA 92501


A true and correct copy of the foregoing document entitled (*specify*):  Notice of Debtor's Delinquency

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/21/2024     , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   See attached electronic mail notice list

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)   08/21/2024     , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

   Debtor, 7419, LLC, 7419 Via Deldene, Highland, CA 92346-3933

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   08/21/2024     , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

   Hon. Magdalena Reyes Bordeau, 3420 Twelfth St. Ste. 346, Riverside, CA 92501-3819 (overnight mail)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/21/2024 | Everett L. Green | /s/ Everett L. Green |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# Mailing Information for Case 6:24-bk-12519-RB

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Abram Feuerstein**    abram.s.feuerstein@usdoj.gov
- **Arnold L Graff**    agraff@wrightlegal.net, bkudgeneralupdates@wrightlegal.net;jpowell@wrightlegal.net
- **Everett L Green**    everett.l.green@usdoj.gov
- **Benjamin Heston**    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
- **Cameron C Ridley**    Cameron.Ridley@usdoj.gov
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.



# GUIDELINES AND

# REQUIREMENTS FOR

# CHAPTER 11

# DEBTORS IN POSSESSION

**(FOR ALL CASES FILED IN THE CENTRAL DISTRICT-CA)**

Office of the United States Trustee
Regional Headquarters
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017

Telephone (213) 894-6811
Fax (213) 894-2603

EFFECTIVE SEPTEMBER 1, 2022

# INDEX

**I.    Day-One Requirements** ............................................................................ 1

   A.    Close out all existing books and records .......................................... 1

   B.    Open a new set of books and records ................................................ 1

   C.    Close all existing bank accounts ...................................................... 1

   D.    Open New General, Payroll and Tax Bank Accounts ........................ 2

   E.    Obtain Insurance Coverage .............................................................. 2

**II.   Declaration Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession** ................................ 3

**III.  7 Day Package** ........................................................................................... 4

   A.    Cover Sheet (Form USTLA-4) ......................................................... 4

   B.    Real Property Questionnaire (USTLA-5) .......................................... 4

   C.    Pre-Petition Bank Accounts ............................................................. 4

   D.    Debtor In Possession Bank Accounts ............................................... 5

   E.    Proof of Insurance Coverage ............................................................ 5

   F.    Proof of Required Certificates and Licenses .................................... 6

   G.    Projected Cash Flow Statement ....................................................... 6

   H.    Statement of Major Issues and Timetable Report ............................ 6

   I.    Employee Benefit Plan Questionnaire (Form USTLA-8) ................... 6

   J.    Declaration Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession ........................ 7

   K.    Tax Returns ...................................................................................... 7

   L.    Proof of Recording of Chapter 11 petition ...................................... 7

   M.    List of Insiders ................................................................................. 7

   N.    Pre-petition Financial Statements .................................................... 7

   O.    Domestic Support Obligations (DSO's) ........................................... 7

**IV.   Additional and Ongoing Requirements** ...................................................... 7

   A.    Attendance at the Initial Debtor Interview, first meeting of creditors and other necessary meetings ......................................................... 7

   B.    Insider Compensation ...................................................................... 8

   C.    Periodic Financial Reports ............................................................... 8

      1. Non-Small Business and Non-Subchapter V Cases ..................... 8

      2. Small Business Cases ................................................................. 9

      3. Subchapter V Cases ................................................................... 9

   D.    Quarterly Fees ................................................................................. 9

E.    Subchapter V—Small Business Debtor Reorganization..............................................10

F.    Other ..........................................................................................................................10

   1. On-site Audits and Inspections.............................................................................10

   2. Use, Sale or Lease of Estate Property ..................................................................11

   3. Trust Agreements ..................................................................................................11

   4. Physical Inventory of Goods, Machinery and Equipment ....................................11

   5. Notice of Address Change.....................................................................................11

**Electronic Service Instructions**...........................................................................................12

Refer to our website for the most current and up-to-date information:

https://www.justice.gov/ust-regions-r16

For Documents and Forms
http://www.justice.gov/ust/r16/reg_info.htm

### TO:  CHAPTER 11 DEBTORS, ATTORNEYS AND TRUSTEES

The United States Trustee Program is a component of the United States Department of Justice responsible for overseeing the administration of bankruptcy cases.

Pursuant to 28 U.S.C. §586(a)(3), the United States Trustee ("U.S. Trustee") has extensive monitoring and oversight responsibilities with respect to Chapter 11 estates.  In order to fulfill these responsibilities, the U.S. Trustee has delineated certain duties, responsibilities and reporting requirements for Chapter 11 debtors in possession.  The U.S. Trustee for the Central District of California has developed these Chapter 11 Guidelines to assist debtors in meeting their obligations while in Chapter 11.

Some of these requirements must be performed immediately upon (1) the filing of the Chapter 11 petition, (2) entry of the order of conversion; or (3) the entry of the order of relief in an involuntary proceeding.  Other requirements are not due until several weeks after the petition is filed, and still others are required on an ongoing basis throughout the pendency of the bankruptcy.  However, ***all requirements must be met in a complete and timely fashion unless waived in writing by the U.S. Trustee Attorney or Bankruptcy Analyst/ Auditor assigned to the case.***

These guidelines and requirements make reference to the Local Rules of Bankruptcy Procedure (Local Rules) for the Central District of California.  A copy of the Local Rules may be downloaded from the United States Bankruptcy Court's website at http://www.cacb.uscourts.gov/.

In addition to the following requirements, all applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy rules, General Orders, and other orders of the Court, must be observed in Chapter 11 cases.  Failure to comply with any requirement may result in a motion by the U.S. Trustee, or another party, to dismiss or convert your case, or to request other relief.

There are additional requirements in large chapter 11 cases. See Fee Guidelines | UST | Department of Justice.

**The U.S. Trustee reserves the right to revise, modify or amend these guidelines and requirements from time-to-time and, as is appropriate, in an individual case.**

*A Chapter 11 Debtor-in-Possession serves as a fiduciary
for the benefit of the creditors and owners in the case.
Providing complete and accurate financial information
regarding the estate is part of the debtor's fiduciary duties.*

## I.    Day-One Requirements

A.  **Close out all existing books and records.**  All books and records of the Chapter 11 debtor must be closed out as of the date the petition is filed, or an order is entered converting the case to one under Chapter 11.

B.  **Open a new set of books and records.**  These are the debtor in possession books and records, which must be maintained throughout the pendency of the bankruptcy.

C.  **Close all existing bank accounts.**  All accounts that the debtor owns, has access to, or over which the debtor exercises possession, custody or control must be closed immediately upon filing of the petition.

D. **Open New General, Payroll and Tax Bank Accounts.**

1.   In business cases, a minimum of three new debtor in possession bank accounts (general, payroll and tax) must be opened in a bank appearing on the U.S. Trustee list of approved depositories (See Region 16 List of Approved Depositories (justice.gov)).  All estate funds must be kept in these accounts.  (*See* 11 U.S.C. §§541 and 1115)

2.   In some cases, such as those involving individual non-business debtors, the debtor may obtain written permission from the U.S. Trustee attorney or analyst assigned to the case to maintain fewer debtor in possession accounts.

3.   If the debtor is required to segregate cash collateral, additional separate accounts must be established and maintained.

4.   See also Section III D(3).

E. **Obtain Insurance Coverage.**

1.   The debtor must maintain appropriate insurance coverage for all estate property, including vacant land, naming the debtor as the primary insured.  Lender-placed insurance is not sufficient.  Listed below are the types of insurance coverage that normally <u>are</u> required for most bankruptcy estates.

   a.   General comprehensive public liability insurance;

   b.   Fire and theft coverage;

   c.   Worker's compensation insurance;

   d.   Motor vehicle insurance;

   e.   Product liability insurance; and/or

   f.   Any other insurance coverage customary in debtor's business.

2.   The debtor must name the U.S. Trustee as an ***additional party for notice purposes only*** on every insurance policy.  The notice should reference the: (1) U.S. Trustee; (2) the office address for the division in which the case is filed, and the (3) the full case number.  The U.S. Trustee will receive notification of any non-payment of premium or cancellation of policy.   The U.S. Trustee highly encourages the insurance carriers to utilize the electronic notification method in lieu of paper notifications by sending their notices to:  **ustp.region16.ch11@usdoj.gov** with the subject line containing the full case number, court division, and judge's initials.

   <u>Corporate Debtor</u>: CH 11 COMPLIANCE 2:11-bk-12345-TD; A Happy Family, Inc.; Insurance Notice

   <u>Individual Debtor</u>: CH 11 COMPLIANCE 2:11-bk-12345-TD; Last

Name, First Name; Insurance Notice

Paper notifications should be mailed to the specific address based on the division in which the case is filed:

- Los Angeles District Office: 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017 – Case numbers starting with **2**:YY-BK-(5 digit case number) – Judge Initials

- Riverside District Office: 3801 University Ave., Suite 720, Riverside, CA 92501 - Case numbers starting with **6**:YY-BK-(5 digit case number) – Judge Initials

- Santa Ana District Office:  411 West Fourth St., Rm 7160, Santa Ana, CA 92701 - Case numbers starting with **8**:YY-BK-(5 digit case number) – Judge Initials

- Woodland Hills District Office:  915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017 – Case numbers starting with **1**:YY-BK-(5 digit case number) – Judge Initials

- Santa Barbara District Office:  915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017 – Case numbers starting with **9**:YY-BK-(5 digit case number) – Judge Initials

3.    If the debtor does not have the required insurance coverage at the time of filing, it must be obtained immediately.

4.    **It is an on-going requirement that the debtor provide updated proof of insurance during the pendency of the case.**  If insurance coverage lapses at any time during the pendency of the bankruptcy, the U.S. Trustee must be advised and proof of new or renewed insurance must be presented at once.

5.    Upon plan confirmation, entry of an order of final decree, dismissal, and/or conversion, the Debtor/Debtor's representative should notify their insurance carriers to have the U.S. Trustee removed from the policy.

II.    <u>**Declaration Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession**</u>

A. All Chapter 11 debtors in possession are required to file the Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession (Form USTLA-3) ("Declaration Regarding Compliance").   Use of this form is mandatory.

B. The Declaration Regarding Compliance must be signed under penalty of perjury by a person who is authorized to sign such documents on behalf of the debtor and may not be signed by the debtor's attorney.

**III.**     <u>**7 Day Package**</u>

Within seven days of the date on which the petition is filed, the case is converted, or an order for relief is entered, the debtor must electronically submit a package of required documents (the "Attorney's 7 Day Package") to the U.S. Trustee at <u>us**tp.region16.ch11@usdoj.gov.**</u> **Documents directed to any other mailbox or address will be disregarded. Service of the 7 Day Package directly upon U. S. Trustee personnel will NOT CONSTITUTE FILING of 7 Day Package requirements and will be disregarded.**

If any document is not attached, an explanation must be provided. Inadequate explanations may result in the filing of a motion to dismiss or convert the case.

If any required document is not included in the Attorney's 7 Day Package, but is later submitted, the submission must include an additional Cover Sheet indicating which document is being submitted at that time.

   A.  **Cover Sheet (Form USTLA-4)**

      The Attorney's 7 Day Package Checklist contains a list of the documents required to be included in the 7 Day Package.  For each document required, and each subcategory identified on the USTLA-4 form, the debtor must select at least one category to indicate whether the document is attached, has been previously submitted, or an explanation is attached.

   B.  **Real Property Questionnaire (USTLA-5)**

     (1)    If the debtor leases, owns, has an interest in or is in the process of purchasing a total of four (4) real properties or less, the debtor must submit a separate Real Property Questionnaire (Form USTLA-5) for EACH parcel of real property.

     (2)    If the debtor owns a personal residence, the debtor must complete the Real Property Questionnaire For Principal Residence (USTLA 5.1).   (See <u>http://www.justice.gov/ust/r16/reg_info.htm</u>).

     (3)    If the debtor owns or has an interest in five (5) or more real properties, the debtor should not complete the Real Property Questionnaire, unless otherwise instructed by the U.S. Trustee.  Instead, the debtor must complete the Owned Property Summary Sheet (USTLA 5.2) and list all properties owned by the debtor.

     (4)    If the debtor leases five (5) or more real properties, the debtor should not complete the Real Property Questionnaire unless otherwise instructed by the U.S. Trustee.  Instead, the debtor must complete the Leased Property Summary Sheet (USTLA 5.3) and list all properties the debtor leases.

   C.  **Pre-Petition Bank Accounts**

     (1)    All pre-petition bank accounts must be closed.

     (2)    The name of the depository, the account name and number, the closing balance and the date of closure must be set forth in the Declaration Regarding Compliance.   <u>Closing bank statements for all accounts must be attached to the</u>

<u>Declaration Regarding Compliance.  Each closing statement must show a zero-ending balance</u>.

(3)    In cases where the pre-petition accounts have not been closed, the Declaration Regarding Compliance must provide a justifiable reason why this requirement has not been met.

D.  **Debtor In Possession Bank Accounts**

Debtor must establish the required number of new debtor-in-possession accounts. Each account must clearly indicate that the account is a "debtor in possession account" and must include the Chapter 11 case number in the account name.  This information must also be *pre-printed* and set forth prominently on the face of the check for each account.  A voided check from each Debtor in possession account must be provided to the U.S. Trustee in the 7 Day Package.

The name of the depository, the account name and number, and the initial deposit amount for each such account must be set forth in the Declaration Regarding Compliance.

It is the debtor's responsibility to maintain all cash of the estate in debtor in possession bank accounts in an approved depository throughout the pendency of the case.  If the debtor opens or closes any account during the pendency of the case, the U.S. Trustee must be notified immediately in writing.

Pursuant to 11 U.S. § 345 - Money of estates, all approved depositories are required to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit by:  (1) surety bond, in a form acceptable to and from a company approved by the U.S. Trustee in accordance with § 345(b)(1); or (2) deposit of securities in accordance with § 345(b)(2).

E.  **Proof of Insurance Coverage**

Proof of insurance shall consist of ***ONLY*** the ***declaration page or pages***    containing the following information:

(1)    Name of insured party;

(2)    Name of additional interest parties, including the U.S. Trustee;

(3)    The type and extent of coverage;

(4)    Policy expiration date; and

(5)    The account or policy number (or other identifying information).

**Binders and identification cards are not accepted as proof of insurance.**

**COPIES OF THE ENTIRE INSURANCE POLICY SHOULD NOT BE SUBMITTED, UNLESS SEPARATELY REQUESTED BY THE OVERSIGHT TEAM OF A SPECIFIC CASE.**

F.  **Proof of Required Certificates and Licenses**

The debtor must submit proof that the debtor holds all certificates and licenses required by federal, state and local law for the lawful operation of the debtor's business.  The following is a non-exclusive list of licenses and certificates that are typically required:

- *City business license*
- *Health Department permit*
- *Municipal tax or police permits*
- *Liquor/tobacco licenses*
- *Fictitious Business Name ("DBA") Statement filed with the county recorder*
- *Current registration with the Secretary of State*

G.  **Projected Cash Flow Statement**

The debtor must submit a projected cash flow statement, covering the first ninety  (90) days of operation under Chapter 11.  This statement must contain:

A detailed income and expense statement (***Note: inclusion of bankruptcy  schedules "I" and "J" in lieu of a cash flow projection is NOT acceptable***).

H.  **Statement of Major Issues and Timetable Report**

If the debtor is represented by counsel, counsel should prepare and submit the statement of major issues and timetable report.  The ONLY time this document should be prepared by the debtor is when the debtor is pro se.

 A thorough statement of major issues and a timetable report which must provide a brief description of:

The structure of the corporation, partnership or business;

Identification of its officers and shareholders (if a corporation), principals and/or  telephone numbers (if a sole proprietorship);

The nature of the debtor's business;

The major events or circumstances that led to the filing, including environmental problems and pending foreclosures;

The major issues, problems and/or disputes to be resolved, and with whom, and if there are any perishable goods;

A proposed timetable to resolve each of the problems described in such report, resolution of each task; and

The expected date for filing the disclosure statement and plan.

I.  **Employee Benefit Plan Questionnaire (Form USTLA-8)**

All debtors ***must*** submit an Employee Benefit Plan Questionnaire (Form USTLA- 8)

which identifies whether or not it is a public corporation, and whether it sponsors a group health, dental and/or a pension plan.

J. **Declaration Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession**

The debtor must submit the Declaration Regarding Compliance (USTLA 3), signed under penalty of perjury by an officer of the debtor, or by the individual debtor (not debtor's attorney).

K. **Tax Returns**

The debtor must submit the two most recent annual federal tax returns (e.g., 1040, 1120, etc.) in a SEPARATE ELECTRONIC FILE (PDF).   Do not combine such returns with any other part of the 7 Day Package.

L. **Proof of Recording of Chapter 11 petition**

The debtor is required to record a copy of the chapter 11 petition (exhibits may be omitted) with the recorder of each county or other applicable political subdivision for each parcel of real property owned by the debtor or in which the debtor has an ownership interest and provide proof of recordation to the U.S. Trustee.

M. **List of Insiders**

The debtor must submit a list of all insiders as defined in 11 U.S.C. §101(31).

N. **Pre-petition Financial Statements**

The debtor must submit copies of its most recent financial statements (audited and unaudited), including but not limited to a balance sheet, income (profit and loss) statement and a cash flow statement.  The cash flow statement must contain a detailed statement of all receipts and disbursements.

O. **Domestic Support Obligations (DSO's)**

Debtors with domestic support obligations are required to comply with 11 USC §1106(a)(8) with respect to providing notices to claim holders and the state child support agency.   Debtors must provide proof that all notices required under § 704(10) have been given to the appropriate parties.

IV.  **Additional and Ongoing Requirements**

In addition to all requirements set forth above, the debtor is required to comply with the following ongoing requirements:

A. **Attendance at the Initial Debtor Interview, first meeting of creditors and other necessary meetings**

1.    Debtors are required to attend the Initial Debtor Interview, the first meeting of creditors held pursuant to 11 U.S.C. §341(a), as well as any other meetings

required by the U.S. Trustee.

## B. Insider Compensation

1.       Before any insiders (as defined in 11 U.S.C. §101(31)), including the owners, partners, officers, directors or shareholders of the debtor and relatives of insiders, may receive compensation from a Chapter 11 estate, the debtor must submit a Notice of Setting/Increasing Insider Compensation.  The Notice must attach proof of the insider's compensation received from the debtor during the 12-month period immediately preceding the Chapter 11 filing, such as Forms W-2, 1099, or other related payroll or compensation forms.

2.       The Notice must be served on the creditors' committee or the twenty largest unsecured creditors if no committee has been appointed, as well as on any secured creditors that claim an interest in cash collateral.  Proof of service of said notice *must* be submitted to the U.S. Trustee **by** email to the Trial Attorney assigned to the case as reflected on the docket.

3.       No compensation may be paid out to any insiders until 15 days after service of such notice, and no objection to the Notice of Setting/Increasing Insider Compensation has been received or filed with the court.  Compensation may accrue during this period.

4.       If, at any later time, the debtor proposes to increase the compensation of any insider, the debtor must submit and serve a new Notice of Setting/Increasing Insider Compensation in the manner and under the terms as set forth above, and in compliance with the Local Bankruptcy Rules.

5.       In either case, if an objection is filed, debtor shall refrain from paying any portion of the disputed compensation or increase until the objection has been resolved.

## C. Periodic Financial Reports

1.       **Non-Small Business and Non-Subchapter V Cases**

On June 21, 2021, the U.S. Trustee Program's rule entitled *Uniform Periodic Reports in Cases Filed Under Chapter 11 of Title 11,* published at 28 C.F.R. § 58.8 (the "Final Rule") became effective. The Final Rule, mandated by 28 U.S.C. § 589b, requires that chapter 11 debtors-in-possession and trustees, other than in small business and subchapter V cases, file monthly operating reports and post-confirmation reports using streamlined, data-embedded, uniform forms in every judicial district where the U.S. Trustee Program operates.

UST Form 11-MOR, Monthly Operating Report ("MOR"), is the periodic financial report that must be filed on a calendar monthly basis from the petition date to the earlier of the effective date of a confirmed plan, the conversion date of the case to another chapter, or the dismissal of the case.

UST Form 11-PCR, Post-confirmation Report ("PCR"), is the periodic financial report that must be filed on a calendar quarterly basis once the effective date of a

confirmed plan occurs by any post-confirmation entities, which would include the reorganized debtor and any other "authorized parties" charged with administering the confirmed plan, until the earlier of the date the case is closed, dismissed, or converted to another chapter.

Report filers must refer to the Final Rule and instructions for the MOR and PCR forms for important information, including who must file each report, when the reports must be filed, who the reports must be served upon and what documentation must be filed along with each report.

To access the latest version of the MOR and PCR forms, instructions for their use and filing, and other important information related to periodic reporting under the Final Rule, please navigate to https://www.justice.gov/ust/chapter-11-operating-reports. While at that webpage, please subscribe to the "Chapter 11 Operating Reports E-mail Updates" feature to automatically receive email updates about periodic reporting under the Final Rule.

2.    **Small Business Cases**

Each Small Business Debtor should file with the Court the National Small Business Operating Report (Judicial Conference Official Form B 425C) on the 21st day of each month for the preceding calendar-month period.

3.    **Subchapter V Cases**

Each Subchapter V Debtor should file with the Court the National Small Business Operating Report (Judicial Conference Official Form B 425C) on the 21st day of each month for the preceding calendar-month period.

D.  **Quarterly Fees**

1.    **Due date:**  Chapter 11 debtors, except those who elect relief under subchapter V of Chapter 11, are required to pay a quarterly fee to the U.S. Trustee every calendar quarter (including any fraction thereof).  The amount of the quarterly fee varies, depending upon the dollar amount of disbursements made during the calendar quarter.  The minimum fee is required to be paid even if no disbursements were made during the calendar quarter.  The fees are *due* by the end of each calendar quarter, however, they are not *considered late* until the last day of the month following the end of each calendar quarter.  Interest may be charged on any outstanding balance at the prevailing statutory rate.

2.    Further information on quarterly fee calculations can be found at:   Chapter 11 Quarterly Fees | UST | Department of Justice

3.    **Online Payments:**  Quarterly fees may be paid online at https://www.pay.gov/public/form/start/672415208

E.  **Subchapter V—Small Business Debtor Reorganization**

Effective February 19, 2020, Small Business chapter 11 debtors [as defined in 11 U.S.C. § 101(51D)] may elect to be treated as a "Subchapter V" chapter 11 case.  Please note that portions of the Guidelines and Requirements for Chapter 11 Debtors in Possession ("Guidelines") do not apply to Chapter 11 debtors who have elected to proceed under subchapter V.  Specifically –

- Subchapter V debtors are not required to pay quarterly fees under 28 U.S.C. § 1930(a)(6)(A).  Therefore, Section IV.D. of the Guidelines regarding quarterly fees does not apply to subchapter V debtors.

- Because subchapter V debtors are not required to pay quarterly fees, subchapter V debtors do not file post-confirmation quarterly reports of disbursements.

- Unless the Bankruptcy Court orders otherwise for cause, subchapter V debtors are not required to file a disclosure statement, pursuant to 11 U.S.C. § 1181(b).

- All requests for insider compensation must be handled as set forth in Section IV.B. of the Guidelines, with the additional requirement that debtors serve such request upon the case trustee.

- However, subchapter V debtors are required to comply with deadlines not imposed in other chapter 11 cases.  Specifically –

    - The Bankruptcy Court will hold a status conference not later than 60 days after the case is filed "to further the expeditious and economical resolution" of the subchapter V case.  11 U.S.C. § 1188(a).

    - Not later than 14 days before the status conference, "the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization."  11 U.S.C. § 1188(c).

    - The subchapter V debtor shall file a plan not later than 90 days after the order for relief, except that the court may extend the period "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."  11 U.S.C. § 1189(b).

The subchapter V debtor also has a duty to cooperate with the subchapter V trustee in the trustee's performance of his/her statutory duties, under 11 U.S.C. § 521(a)(3).

F.  **Other**

   1.    **On-site Audits and Inspections**

        (a)    The U.S. Trustee may conduct on-site audits and inspections of the debtor's books, records, and facilities to verify the information provided and to ensure that the estate assets are appropriately safeguarded.

(b)  On-site audits and inspections may be unannounced.

(c)  Under 18 U.S.C. §152, concealment of books, records or assets of a bankruptcy estate is a felony, punishable by a maximum sentence of 5 years imprisonment and a fine.

2.  **Use, Sale or Lease of Estate Property**

(a)  Where the court has authorized the use, sale, or lease of property of the estate outside the ordinary course of business of the debtor and an escrow is contemplated relating thereto, a copy of the escrow instructions must be submitted to the U.S. Trustee.

(b)  Within ten days after the close of escrow or completion of the sale, a certified copy of the escrow closing statement, or, where no escrow was utilized, a sworn declaration showing the distribution of the proceeds of any sale of estate property, must be submitted to the U.S. Trustee.

3.  **Trust Agreements**

(a)  The debtor must submit copies of any trust agreements to which the debtor is a party or under which the debtor holds, has possession of, or operates any personal or real property or business as a trustee or otherwise.

4.  **Physical Inventory of Goods, Machinery and Equipment**

(a)  The debtor must conduct a physical inventory, including an itemized cost value, of all goods, machinery, and equipment on hand as of the date of the petition and a copy of the inventory must be submitted to the U.S. Trustee.  If the inventory cannot be completed immediately—normally not more than 30 days after filing the petition—a notation should be made on the cover sheet.

5.  **Notice of Address Change**

(a)  The debtor must notify the U.S. Trustee and the Bankruptcy Court of any change of address or telephone number within seven days after the change occurs.

### Electronic Service Instructions

**THE FOLLOWING PROCEDURES ARE TO BE USED <u>ONLY</u> TO SERVE COMPLIANCE ITEMS UPON THE U.S. TRUSTEE.  THE U.S. TRUSTEE WILL NOT ACCEPT SERVICE OF LEGAL PLEADINGS PURSUANT TO THESE PROCEDURES.  LEGAL PLEADINGS MUST BE SERVED UPON THE U.S. TRUSTEE IN ACCORDANCE WITH THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULES. THESE PROCEDURES DO NOT, IN ANY MANNER, CONSTITUTE A WAIVER OF THE REQUIREMENTS OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULES REGARDING SERVICE OF LEGAL PLEADINGS UPON THE U.S. TRUSTEE.**

I.      Mandatory electronic service of the Attorney's 7 Day Package and Declaration Regarding Compliance is required for all debtors represented by counsel.  ***If service is not completed in the manner set forth herein, the submission will be rejected and returned to the submitting party via email.  Service will <u>not</u> be successful until a compliance package is served that fully complies with these procedures.***

      A.      **Pro Se Exception:**  A person who is not represented by an attorney may file and serve papers non-electronically.

      B.      **Email Address**:  Documentation required to be filed electronically must be submitted to the ***U.S. Trustee via the following email address ONLY:***

## <u>ustp.region16.ch11@usdoj.gov</u>

      ***<u>DO NOT send the documentation to the UST attorney, analyst, paralegal, etc.</u>  Documents must be sent to the above email address <u>ONLY.</u>***  *The individual email boxes of UST employees are limited in size and can only handle a small amount of data.*

      C.      **Signatures:**  Documents that require the signature of a party shall be electronically imaged using scanning technology and electronically filed in portable document format (.pdf).

      D.      **Document Size:**  Document files shall not be larger than 5 megabytes (MB) in size.  Approximately 100 pages of text, converted from a standard word processing format to a PDF image, should not exceed 5 MB.  However, a PDF file created through scanning a document or by inserting additional pages that have been scanned may result in a file exceeding 5 MB.  In particular, scanning a document with graphics or dark areas will significantly affect file size.  A file exceeding the 5 MB limit must be broken into smaller sections and uploaded as consecutively numbered attachments to the main document.  If scanning technology is to be used, scanning should be done in black and white only at a setting of 300 dpi.

      E.      **Font Size:**  The font size (typeface) must not be smaller than 12 point.  Required typefaces are Arial, Courier, Times New Roman, Helvetica, Geneva or Letter Gothic.  Font sizes smaller than 12 point may not be legible after imaging and ***must not*** be used.

      F.      **Image Size**:  Individual pages of documents shall not exceed 8.5 x 11 inches. PDF files with pages exceeding the 8.5 x 11-inch limit must be modified before uploading.

      G.      **Grouping of Documents**: Multiple compliance items should **not** be sent in a single email.  Rather, compliance items should be served on the U.S. Trustee in separate emails utilizing the naming protocol below.  An exception to this rule is that the *Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession* and any attachments thereto must be served on the U.S. Trustee **in one email** and

preferably in one (1) pdf file.

H.   **Subject Line of Email Submissions**:  The subject line for each submittal **must** contain the full case number, including court division and judge's initials.  Submissions that do not meet this requirement will be rejected.  As an example:

Corporate Debtor: CH 11 COMPLIANCE 2:11-bk-12345-TD; A Happy Family, Inc.; USTLA3

Individual Debtor: CH 11 COMPLIANCE 2:11-bk-12345-TD; Last Name, First Name; USTLA3

When serving the *Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession* and attachments thereto upon the U.S. Trustee, only include USTLA3 in the subject line of the email submission.  Do **not** include in the subject line of the email the document codes for the attachments to the declaration.

I.   **Submissions in Parts**:  If a submittal must be sent in parts due to file size, each part must be clearly identified in the email subject line.  As an example:

CH 11 COMPLIANCE 2:11-bk-12345-TD; A Happy Family, Inc. USTLA3 **PART 1 OF 2**

J.   **Naming Protocol**:  The standardized naming protocol for all documents submitted via these electronic service instructions is as follows.  All fillable forms are available at http://www.justice.gov/ust/r16/reg_info.htm.

| Form No. | Document Title | Standardized Email Name |
|---|---|---|
| USTLA-3 | Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession | USTLA3 |
| USTLA-4 | Attorney's 7 Day Package Checklist | USTLA4 |
| USTLA-5 | Real Property Questionnaire | USTLA5 |
| USTLA-5.1 | Real Property Questionnaire for Principal Residence | USTLA5.1 |
| USTLA-5.2 | Owned Property Summary Sheet | USTLA5.2 |
| USTLA-5.3 | Leased Property Summary Sheet | USTLA5.3 |
| USTR16-6.0 | Professional Fee Statement | USTR16-6.0 |
| USTR16-7.0 | Post-Confirmation Status Report | USTR16-7.0 |
| USTLA-8 | Employee Benefit Plan Questionnaire | USTLA8 |
| USTR16-12.0 | Insider Compensation | USTR16-12.0 |