PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
EVERETT L. GREEN, SBN 237936
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-2804
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Everett.L.Green@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>7419 LLC,<br><br>Debtor &<br>Debtor-In-Possession. | Case No. 6:24-bk-12519-RB<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S RESPONSE TO MOTION TO DIMSISS CHAPTER 11 BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES[1]**<br><br>[Declaration of Everett L. Green, filed concurrently herewith]<br><br>**Hearing:**<br>Date:    September 26, 2024<br>Time:    2:00 p.m.<br>Place:    Courtroom 303<br>    United States Bankruptcy Court<br>    3420 Twelfth Street<br>    Riverside, CA 92501 |

---

[1]    Please take notice that in accordance with Local Bankruptcy Rule 9013-1(f), any reply must be filed with the court and served on the responding party not later than 7 days prior to the hearing on the motion.

-1-

**TO THE HONORABLE MAGDALENA REYES BORDEAUX, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, AND ALL PARTIES-IN-INTEREST:**

Peter C. Anderson, the United States Trustee for the Central District of California, Region 16 ("U.S. Trustee"), submits this response to the Motion to Dismiss Chapter 11 Bankruptcy Case ("Motion") filed by 7419 LLC ("Debtor").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND AND ARGUMENT

#### A. The Debtor Does Not Possess Any Sources Of Income And Lacks A Reasonable Likelihood Of Rehabilitation. "Cause" Exists To Dismiss Or Convert.

The Debtor filed Chapter 11 on May 7, 2024 to prevent foreclosure of its real property. The Debtor owes approximately $1.2 million to its secured creditor and had not made a payment in the eight months before it filed bankruptcy.[2]

On the petition date, the Debtor did not possess any sources of income, revenue, or accounts receivables.[3] After four months as a debtor-in-possession, the Debtor's financial condition did not change. The Debtor's insolvency has increased — it has not paid any creditors, including real property taxes, or serviced its debt while in Chapter 11.[4] "Cause" exists to dismiss or convert the case under Section 1112(b).

#### B. Even Though The Debtor Is Insolvent, The Debtor's Principal Funneled Over $128,000 Through The Debtor-In-Possession Accounts.

Although the Debtor blames a creditor for the Debtor's inability to reorganize, the Motion fails to disclose the extensive misconduct of its owner and managing member.

---

[2]    Declaration of Everett L. Green ("Green Decl.") ¶ 3, Exhibit ("Ex.") 3, pg. 54. Page numbers refer to the bates-stamped pages at the bottom of each exhibit.

[3]    *See* Green Decl., Ex. 2, pps. 20 – 21 (Schedule A/B reflects no cash on hand, no ownership of financial accounts, or no accounts receivables).

[4]    See Green Decl. ¶ 12.

1    In the year leading up to the petition date, Mr. Hussain initiated deposits and transfers of over
2    $300,000 in and out of the Debtor's bank accounts.[5]

3    This activity continued after the filing. Beginning on May 15, 2024, Mr. Hussain deposited and
4    withdrew approximately $128,000 from the debtor-in-possession accounts and transferred the funds to
5    third parties.[6]

6    Further, despite engaging in transactions involving hundreds of thousands of dollars, the Debtor
7    did not pay its secured creditors.

8    When asked to explain the purpose of these transfers, Mr. Hussain testified at the June 10, 2024
9    meeting of creditors that the funds originated from a "family friend" and were used to repay his debt
10   and/or debt that was not owed by the Debtor.[7] This testimony was false.

11   After refusing to comply with the U.S. Trustee's document requests, and requests to file monthly
12   operating reports, Mr. Hussain eventually admitted, under oath at the August 28, 2024 meeting of
13   creditors, that he withdrew the funds because he was under the impression that he won a lottery and was
14   attempting to pay a third party to release the cash prize.[8]

15   Mr. Hussain testified that he did not pay the Debtor's post-petition expenses with the funds.[9] Mr.
16   Hussain's indiscriminate use of the debtor-in-possession accounts for personal purposes coupled with his

---

[5] Green Decl. ¶ 5, Ex. 4, pps. 57, 60-62, & 65 (bank statements reflecting deposits and withdrawals of approximately $300,000. Some of the withdrawals consist of transfers to accounts owned by Mr. Hussain.).

[6] Green Decl. ¶10, Ex. 6, pps. 71-72 & 75-76.

[7] Green Decl. ¶ 5. The pre-petition deposits and transfers are not disclosed in the Statement of Financial Affairs. See Green Decl., Ex. 2, pps. 39, 42, & 45 (in the Statement of Financial Affairs, the Debtor states "no" or "none" in response to questions of whether the Debor made payments or transfers to creditors within the 90 days before the filing, or payments or transfers of property to benefit insiders, or any transfers of money within 2 years before the filing of the case, or whether the Debtor is holding property for another).

[8] See Green Decl. ¶ 11, Ex. 7. The U.S. Trustee submitted document requests to learn the details of the Debtor's pre-petition and post-petition transfers. Mr. Hussain did not cooperate. Moreover, the U.S. Trustee filed a notice to compel the Debtor to file monthly operating reports. The Debtor did not comply. Green Decl. ¶¶ 6-9, Ex. 5.

[9] Green Decl. ¶ 12.

failure to report the transactions in the monthly operating reports equates at a minimum to gross mismanagement and constitutes "cause" to dismiss or convert.

### C. Dismissal Is In The Bests Interests Of Creditors.

Upon determining cause exists and that there are no unusual circumstances to negate dismissal or conversion, a court must engage in a "balancing test" to determine whether appointment of a Chapter 11 trustee, conversion, or dismissal is in the best interests of creditors and the estate. *See* 11 U.S.C. § 1112(b); *Rand v. Porsche Financial Services, Inc. (In re Rand)*, BAP No. AZ-10-1160-BaPaJu, 2010 Bankr. LEXIS 5076, *29-31 (B.A.P. 9th Cir. Dec. 7, 20210) (unpub.)

Courts consider several factors including:

> Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal;
>
> Whether there would be a loss of rights granted in the case if it were dismissed rather than converted;
>
> Whether the debtor would simply file a further case upon dismissal;
>
> The ability of the trustee in a Chapter 7 case to reach assets for the benefit of creditors;
>
> Whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise;
>
> Whether any remaining issues would be better resolved outside the bankruptcy forum;
>
> Whether the estate consists of a "single asset";
>
> Whether the debtor had engaged in misconduct and whether creditors are in need of a Chapter 7 case to protect their interests;
>
> Whether a plan has been confirmed and whether any property remains in the estate to be administered; and
>
> Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*In re Babayoff*, 445 B.R. 64, 81-82 (Bankr. S.D.N.Y. 2011).

1     Here, the balancing test weighs slightly in favor of dismissal. The customary remedy to cure post-petition misconduct by a debtor's principal is to appoint a Chapter 7 or 11 trustee to sue the insider to recover estate funds. The estate, however, is administratively insolvent, and absence contingency fee arrangements, any trustee would be forced to litigate without a dedicated source of funds.

    Moreover, the secured creditor, Val-Chris Investments, favors dismissal. Val-Chris holds the largest claim among the creditor constituency.

    Dismissal, along with the sanction of a bar to re-filing, is in the best interests of creditors.

**D.    Mr. Hussain's Conduct Requires Dismissal With A Bar.**

    Section 349 grants a court authority to dismiss a case with prejudice, including dismissal with a bar against re-filing another bankruptcy case. *See In re Mitchell*, 357 B.R 142, 157-8 (Bankr. C.D. Cal. 2006).

    In evaluating whether to dismiss a case with a bar, courts consider the totality of circumstances, including whether a debtor misrepresented facts in the schedules, unfairly manipulated the Bankruptcy Code, or the presence of egregious behavior. *See Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999); *see also Duran v. Gudino (In re Rojas)*, 630 B.R. 797, 810 (B.A.P. 9th Cir. 2021) (*Leavitt's* analysis applies equally to all dismissals under any chapter).

    In violation of his fiduciary duty to estate, Mr. Hussain withdrew funds from the debtor-in-possession accounts. He then attempted to conceal the details of the transfers. He did not testify truthfully at the meeting of creditors. He did not cooperate with the U.S. Trustee's discovery efforts. And he did not disclose the transactions in the monthly operating reports. Mr. Hussain manipulated the Code and engaged in egregious behavior. Dismissal with a bar to re-filing is an appropriate sanction for Mr. Hussain's conduct.

//
//
//
//
//

## II. CONCLUSION

For the reasons set forth above, the court should (1) find that "cause" exists under Section 1112(b) based on substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation and gross mismanagement; (2) enter an order dismissing the bankruptcy case under Section 1112(b); and (3) impose a bar to re-filing another bankruptcy case for 180-days under Section 349(a).

DATED: September 11, 2024                    PETER C. ANDERSON
                                             UNITED STATES TRUSTEE


                                             By:    /s/ Everett L. Green
                                                    Everett L. Green
                                                    Trial Attorney

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3801 University Ave., Ste. 720, Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*): United States Trustee's Response to Motion to Dismiss Chapter 11 Bankruptcy Case; Memorandum of Points and Authorities; Declaration of Everett L. Green.

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/11/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached electronic mail notice list

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 09/11/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor, 7419, LLC, 7419 Via Deldene, Highland, CA 92346-3933

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 09/11/2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Magdalena Reyes Bordeau, 3420 Twelfth St. Ste. 346, Riverside, CA 92501-3819 (overnight mail)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/11/2024 | Adela M. Salgado | /s/ Adela M. Salgado |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

# Mailing Information for Case 6:24-bk-12519-RB

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Abram Feuerstein**     abram.s.feuerstein@usdoj.gov
- **Arnold L Graff**     agraff@wrightlegal.net, bkudgeneralupdates@wrightlegal.net;jpowell@wrightlegal.net
- **Everett L Green**     everett.l.green@usdoj.gov
- **Benjamin Heston**     bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
- **Cameron C Ridley**     Cameron.Ridley@usdoj.gov
- **United States Trustee (RS)**     ustpregion16.rs.ecf@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.