PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
EVERETT L. GREEN, SBN 237936
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-2804
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Everett.L.Green@usdoj.gov

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

In re:

7419 LLC,

                    Debtor.

Case No. 6:24-bk-12519-RB

Chapter 11

**REPLY IN SUPPORT OF UNITED STATES TRUSTEE'S *EX PARTE* MOTION TO REOPEN BANKRUPTCY CASE; DECLARATION OF ADELA SALGADO IN SUPPORT THEREOF**

**Hearing:**
Date:    January 16, 2025
Time:    2:00 p.m.
Place:    Courtroom 303
        United States Bankruptcy Court
        3420 Twelfth Street
        Riverside, CA 92501

## TO THE HONORABLE MAGDALENA REYES BORDEAUX, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, AND ALL PARTIES-IN-INTEREST:

Peter C. Anderson, the United States Trustee for the Central District of California, Region 16 ("U.S. Trustee"), hereby submits this reply in support of the motion to reopen the bankruptcy case pursuant to 11 U.S.C. § 350(b).

1    **I.    ARGUMENT**

2        Reopening a case under Section 350(b) "is a ministerial act that functions primarily to enable the

3    file to be managed by the clerk as an active matter and that, by itself, lacks independent legal significance

4    and determines nothing with respect to the merits of the case." *Menk v. Lapaglia (In re Menk)*,

5    241 B.R. 896, 913 (B.A.P. 9th Cir. 1999).

6        In evaluating whether to reopen, a court considers a limited, "narrow range of issues." *See*

7    *Lopez v. Specialty Restaurants Corp. (In re Lopez)*, 283 B.R. 22, 26 (BA.P. 9th Cir. 2002).  A court

8    considers whether relief may be accorded to the debtor or for "cause." 11 U.S.C. § 350(b).

9        Courts routinely reopen bankruptcy cases under the "cause" standard to evaluate whether

10    violations of Section 329, disciplinary action against attorneys, or other sanctions are appropriate.

11    *See e.g., In re Sandoval*, case number 6:14-bk-23019-MH (reopening case without a hearing to consider a

12    motion to disgorge fees from debtor's counsel); *In re Sanders*, case number 6:17-bk-17721-WJ (same);

13    *In re Mena*, case number 6:15-bk-10896-MJ (same).[1]

14        In that regard, the facts in *Count Liberty, LLC*, 370 B.R. 259, 268 (Bankr. C.D. Cal. 2007) are

15    similar to this dispute.  In that case, the court granted an *ex parte* motion to reopen a chapter 11 case to

16    conduct a hearing on whether disgorgement and sanctions were appropriate against counsel where counsel

17    allowed his client to transfer funds from a debtor-in-possession account without court approval.  *Count*

18    *Liberty, LLC* supports reopening this case.

19        The opposition does not address whether "cause" is present under Section 350(b).  Instead,

20    Counsel attempts to litigate substantive issues.  The Ninth Circuit is clear, however, that in evaluating

21    whether to reopen a case "[i]nquiries into the merits of the underlying claim are inappropriate." *Staffer v.*

22    *Predovich (In re Staffer)*, 306 F.3d 967, 972 (9th Cir. 2002).  The court should reject the opposition and

23    reopen the case.[2]

24

25

26    [1]    Copies of the motions filed in each case and the orders granting the motions are attached to the

27    supporting declaration.

28    [2]    When the court entered an order dismissing the chapter 11 case, the court expressly reserved
"jurisdiction over issues arising under 11 U.S.C. §§ 329, and 330." *Counsel prepared this order.*
Accordingly, he had prior notice that the court might consider a 329 motion after dismissal of the case.
*See* ECF No. 41.

1

## II.    __CONCLUSION__

2

3    For the reasons set forth above, the U.S. Trustee respectfully requests that an order is entered

reopening this bankruptcy case;  and further relief that may be just and equitable.

4

5    DATED: December 20, 2024                    PETER C. ANDERSON
                                                UNITED STATES TRUSTEE

6

7                                     By:    /s/ Everett L. Green

8                                             Everett L. Green
                                              Trial Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF ADELA SALGADO

I, Adela Salgado, hereby declare:

1.      I am employed as a Paralegal to the U.S. Trustee, Riverside District Office.  I submit this declaration in support of the U.S. Trustee's reply.  I make this declaration of my own personal knowledge except where stated on information and belief and as to such matters, I believe them to be true.  If called as a witness, I could and would testify to the information contained herein.

2.      True and correct copies of motions and orders downloaded from *In re Sandoval*, case number 6:14-bk-23019-MH, *In re Sanders*, case number 6:17-bk-17721-WJ, and *In re Mena*, case number 6:15-bk-10896-MJ are attached hereto as ***Exhibit 1***.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on December 19, 2024, at Riverside, California.

_____
Adela Salgado

# Exhibit 1

1    PETER C. ANDERSON
     UNITED STATES TRUSTEE
2    ABRAM S. FEUERSTEIN, SBN 133775
     ASSISTANT UNITED STATES TRUSTEE
     JASON K. SCHRADER, SBN 258706
3    TRIAL ATTORNEY
     UNITED STATES DEPARTMENT OF JUSTICE
4    OFFICE OF THE UNITED STATES TRUSTEE
     3801 University Avenue, Suite 720
     Riverside, CA 92501-3200
5    Telephone:    (951) 276-6990
     Facsimile:    (951) 276-6973
6    Email:        Jason.K.Schrader@usdoj.gov

ORIGINAL

7                **UNITED STATES BANKRUPTCY COURT**

8                **CENTRAL DISTRICT OF CALIFORNIA**

9                    **RIVERSIDE DIVISION**

10   In re:                          Case No. 6:15-bk-10896-MJ

11   THERESA MENA,                   Chapter 7

12                                   **UNITED STATES TRUSTEE'S *EX
                                     PARTE* MOTION TO REOPEN
13                Debtor.            CHAPTER 7 BANKRUPTCY CASE;
                                     MEMORANDUM OF POINTS AND
                                     AUTHORITIES; DECLARATION OF
14                                   DIMPLE P. MEHRA FILED IN
                                     SUPPORT THEREOF**

15                                   [Pursuant to LBR 5010-1(e), No Hearing
                                     Required]
16

17

18

19

20       **TO THE HONORABLE MEREDITH A. JURY, UNITED STATES BANKRUPTCY**

21   **JUDGE, THE DEBTOR, AND THE FORMER CHAPTER 7 TRUSTEE:**

22

23

24

                                    1

1    Peter C. Anderson, the United States Trustee for Region 16 (the "U.S. Trustee"), *ex parte*,

2  pursuant to Section 350(b) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 5010

3  and Local Bankruptcy Rule 5010-1, for an order reopening the Chapter 7 bankruptcy case of

4  Theresa Mena (the "Motion") to enable the U.S. Trustee to file an action seeking the disgorgement

5  of fees against the Debtor's attorney, Marend M. Garrett of the Law Office of Marend M. Garrett

6  (collectively, "Garrett"). In support of the Motion, the U.S. Trustee represents:

### I.    PERTINENT FACTS

7

8    1.    On February 2, 2015, the Debtor filed a voluntary Chapter 7 petition. [*See generally*

9  Docket, Exhibit ("Exh.") 1, attached to the Declaration of Dimple P. Mehra (the "Mehra Decl.")].

10  The Debtor's 341(a) Meeting of Creditors was scheduled for March 9, 2015 (the "341a Meeting").

11  [*Id.*].

12    2.    On February 2, 2015, the Court issued a Case Commencement Deficiency Notice (the

13  "Deficiency Notice"). [*See* Mehra Decl., Exh. 2]. The Deficiency Notice was issued with respect to

14  the Certificate of Credit Counseling and the Debtor's Certification of Employment Income.

15    3.    On February 24, 2015, the Court dismissed the Case for failure to file schedules,

16  statements, and/or plan. [*See* Mehra Decl., Exh. 1].

17    4.    On March 9, 2015, the Debtor appeared at the 341a Meeting unaware that her case

18  had been dismissed. [Declaration of Todd Frealy in Support of Disgorgement motion ("Frealy

19  Decl."), attached as Exhibit 3 of the Declaration of Dimple P. Mehra, 12:17-23]. On information

20  and belief, the Debtor had spoken with Garret before the meeting of creditors and he did not inform

21  her of the dismissal. [*Id.*]. On further information and belief, the Debtor had to use vacation time

22  so that she could attend the meeting of creditors. [*Id.*].

23    5.    The U.S. Trustee believes that a motion to determine the reasonableness of the

24  compensation paid to Garrett is warranted. Consequently, the U.S. Trustee desires that the Court

Exhibit 1, pg. 7

1  reopen the case to enable the U.S. Trustee to bring a motion to disgorge compensation from Garrett

2  pursuant to Section 329. [1]

3  **II.    ARGUMENT**

4      **A.    Because Bankruptcy Law Provides a Unique Remedy for Wrongs that Relate to**

5              **This Bankruptcy Case, Cause Exists To Reopen This Bankruptcy Case**

6          Federal Rule of Bankruptcy Procedure 5010 provides, in pertinent part, that a "case may be

7  reopened on motion of the debtor or other party in interest pursuant to Section 350(b) of the Code."

8  Fed.R.Bankr.P. 5010.  In turn, Section 350(b) states that "a case may be reopened in the court in

9  which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

10  11 U.S.C. § 350(b).

11          Motions to reopen bankruptcy cases should be "routinely granted . . ." *In re Dodge*, 138 B.R.

12  602, 605 (Bankr. E.D. Cal. 1992).  Moreover, reopening this case is "merely a ministerial or

13  mechanical act," which will not impact or prejudice the rights of the parties.  *See Devore v. Marshack,*

14  *Chapter 7 Trustee (In re Devore)*, 223 B.R. 193, 198 (B.A.P. 9th Cir. 1998); *Menk*, 241 B.R. at 914

15  ("an improvident reopening is largely a victimless error.").

16          In this matter, the Debtor paid $1,000.00 in legal fees to Garrett, in expectation of receiving

17  adequate representation in this bankruptcy case.  Despite receiving the fees, Garrent did not provide

18  adequate representation, and did not return the money he had collected.  The U.S. Trustee seeks to

19  reopen this case to bring a motion for disgorgement under Section 329.  The Court should reopen this

20  case for cause because Section 329 provides a bankruptcy remedy unavailable elsewhere and

21  Garrett's actions relate to this bankruptcy case.

22

23  _____

24  [1]      A copy of the Proposed Motion is attached to the Declaration of Dimple P. Mehra as
    Exhibit 3.

1   **B.     Notice Is Not Required To Reopen This Case**

2          Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure require notice in

3   order to reopen a case.  Federal Rule of Bankruptcy Procedure 5010 does not require that notice be

4   given to reopen a case.  Fed.R.Bankr.P. 5010.  Section 350(b) also does not "contain the talismanic

5   mention of motion and hearing that connotes the statutory need to permit a contest." *Menk*, 241 B.R.

6   at 914; 11 U.S.C. § 350(b).  In fact, Local Bankruptcy Rule 5010-1 expressly permits a motion to

7   reopen to be considered *ex parte*.  LBR 5010-1(e).  Accordingly, the Court should grant the relief

8   requested in this Motion without notice.

9   **III.     CONCLUSION**

10         For the reasons set forth above, the U.S. Trustee respectfully requests that an order be entered

11  reopening this bankruptcy case; waiving any related fees; [2] and for such other and further relief that

12  may be just and equitable.

13  DATED: April 7 , 2015

    PETER C. ANDERSON
14      UNITED STATES TRUSTEE

15

16      By: /s/ Jason K. Schrader
    Jason K. Schrader
    Trial Attorney

17

18

19

20

21

22

23  ――――――――――――――

[2]     Pursuant to the Court's Bankruptcy Court Miscellaneous Fee Schedule, issued pursuant to
24  28 U.S.C. § 1930(b), the U.S. Trustee should not be charged for re-opening a Chapter 7 case.

### DECLARATION OF DIMPLE P. MEHRA

I, Dimple P. Mehra, declare:

1.      I am employed as a Bankruptcy Auditor by the United States Trustee for Region 16, Riverside Field Office ("RDO").

2.      This declaration is submitted in support of the U.S. Trustee's *ex parte* motion to reopen the case of Theresa Mena so that the U.S. Trustee can move the Court to disgorge fees and impose damages and fines against the Debtor's attorney (the "Motion").[3]  If called as a witness in this matter, I could and would be competent to testify to the following of my own personal knowledge, except with respect to matters that are stated to be true upon information and belief, and as to such matters, I believe that they are true.

3.      On March 13, 2015, the U.S. Trustee accessed the Court's Electronic Records through PACER to review the docket in this case. A true and correct copy of the docket is attached hereto as Exhibit 1.

4.      On February 2, 2015, the Court issued a Case Commencement Deficiency Notice. A true and correct copy of the notice is attached hereto as Exhibit 2.

5.      The U.S. Trustee desires to reopen the case in order to file a motion seeking the disgorgement of compensation paid to Garrett. A copy of the proposed motion is attached hereto as Exhibit 3.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on April 7, 2015, at Riverside, California.

Dimple P. Mehra

---

[3]      Capitalized terms have the meanings ascribed to them by the Motion.

5

1   **PROOF OF SERVICE OF DOCUMENT**

2   I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
    **Office of the U. S. Trustee**
3   **3801 University Ave., #720**
    **Riverside, CA 92501**

4   A true and correct copy of the foregoing document entitled (*specify*)  **UNITED STATES TRUSTEE'S *EX PARTE***
    **MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE; MEMORANDUM OF POINTS AND**
5   **AUTHORITIES; DECLARATION OF DIMPLE P. MEHRA FILED IN SUPPORT THEREOF** will be served or
    was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
6   stated below:

    **1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling
7   General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
    On (*date*)   **April 8, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and
8   determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email
    addresses stated below:

9   Ch 7 Trustee: Todd Frealy (TR)    taftrustee@lnbyb.com
    Debtor's Counsel:  Marend Garrett  marend.garrettesq@hotmail.com
10  United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
                                                                ☐ Service information continued on attached page

11  **2.  SERVED BY UNITED STATES MAIL**:

12  On (*date*)  **April 8, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy
    case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
13  first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
    judge will be completed no later than 24 hours after the document is filed.

14  ┌─────────────────────────────┐
    │ Debtor:                     │
    │ Theresa Mena                │
    │ 747 S. J Street             │
    │ San Bernardino, CA  92410   │
15  └─────────────────────────────┘
                                                                ☐ Service information continued on attached page

16  **3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
    (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  April 8, 2015, I
17  served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in
    writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a
18  declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the
    document is filed.
    Presiding Judge:
19  Hon. Meredith A. Jury
    3420 Twelfth Street, Ste. 325
20  Riverside, CA 92501 (overnight mail via Fed Ex)

                                                                ☐  Service information continued on attached page
21
    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

22  April 8, 2015          Bonita DeGrave                    /s/ Bonita DeGrave
    ────────────────       ──────────────────────            ──────────────────────
23  *Date*                 *Printed Name*                    *Signature*

24

Exhibit 1, pg. 11

Incomplete, DISMISSED, CLOSED

## U.S. Bankruptcy Court
## Central District Of California (Riverside)
### Bankruptcy Petition #: 6:15-bk-10896-MJ

|  |  |
|---|---|
| | *Date filed:* 02/02/2015 |
| *Assigned to:* Meredith A. Jury | *Date terminated:* 03/12/2015 |
| Chapter 7 | *Debtor dismissed:* 02/24/2015 |
| Voluntary | *341 meeting:* 03/09/2015 |
| No asset | *Deadline for objecting to discharge:* 05/08/2015 |
| | *Deadline for financial mgmt. course:* 05/08/2015 |

*Debtor disposition:* Dismissed for Failure to File
Information

**Debtor**                                   represented by **Marend M Garrett**
**Theresa Mena**                             Law Office of Marend M Garrett
747 S J Street                               357 West Second Street
San Bernardino, CA 92410                     Suite 11
SAN BERNARDINO-CA                            San Bernardino, CA 92401
SSN / ITIN: xxx-xx-2178                      909-806-4303
                                             Fax : 909-808-4301
                                             Email: marend.garrettesq@hotmail.com

**Trustee**
**Todd A. Frealy (TR)**
3403 Tenth Street, Suite 709
Riverside, CA 92501
951-784-4122

**U.S. Trustee**
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| | 1<br>(48 pgs; 3 docs) | Chapter 7 Voluntary Petition . Fee Amount $335 Filed by Theresa Mena (Attachments: # 1 credit certificate # 2 electronic filing declaration) (Garrett, Marend) WARNING: Item subsequently amended by docket no. 5. Case deficient for Cert. of Credit Counseling (Counseling date not within 180 days of petition filed date) due by 2/17/2015. Debtor Certification of Employment Income (No boxes marked, no pay stubs attached) due by 2/17/2015. |

| | | |
|---|---|---|
| 02/02/2015 | | Incomplete Filings due by 2/17/2015. Master Mailing List of Creditors to be uploaded in CM/ECF in .txt format due 2/5/2015. Modified on 2/2/2015 (Mason, Shari). (Entered: 02/02/2015) |
| 02/02/2015 | 2 | Statement of Social Security Number(s) (Official Form B21) Filed by Debtor Theresa Mena. (Garrett, Marend) (Entered: 02/02/2015) |
| 02/02/2015 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Theresa Mena) Cert. of Credit Counseling due by 2/17/2015. Debtor Certification of Employment Income due by 2/17/2015. Incomplete Filings due by 2/17/2015. (Mason, Shari) (Entered: 02/02/2015) |
| 02/02/2015 | 3 (1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Theresa Mena) (Mason, Shari) (Entered: 02/02/2015) |
| 02/02/2015 | 4 (1 pg) | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (Mason, Shari) (Entered: 02/02/2015) |
| 02/02/2015 | 5 | Notice to Filer of Error and/or Deficient Document **Petition was filed as complete, but schedules or statements are deficient. THE FILER IS INSTRUCTED TO RE-FILE THE DEFICIENT DOCUMENTS IMMEDIATELY.** (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Theresa Mena) (Mason, Shari) (Entered: 02/02/2015) |
| 02/03/2015 | | Receipt of Voluntary Petition (Chapter 7)(6:15-bk-10896) [misc,volp7] ( 335.00) Filing Fee. Receipt number 39092676. Fee amount 335.00. (re: Doc# 1) (U.S. Treasury) (Entered: 02/03/2015) |
| 02/04/2015 | 6 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 03/09/2015 at 09:00 AM at RM 103, 3801 University Ave., Riverside, CA 92501. Objections for Discharge due by 05/08/2015. Cert. of Financial Management due by 05/08/2015 for Debtor and Joint Debtor (if joint case) (admin, ) (Entered: 02/04/2015) |

Exhibit 1, pg. 13                    EXHIBIT 1, page 8

| | | |
|---|---|---|
| 02/04/2015 | [7](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s) [3](#) Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 02/04/2015. (Admin.) (Entered: 02/04/2015) |
| 02/04/2015 | [8](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s) [4](#) Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 02/04/2015. (Admin.) (Entered: 02/04/2015) |
| 02/06/2015 | [9](#)<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s) [6](#) Meeting (AutoAssign Chapter 7)) No. of Notices: 1. Notice Date 02/06/2015. (Admin.) (Entered: 02/06/2015) |
| 02/13/2015 | [10](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) *with Certificate of Service* Filed by Vaideeswaran, Gagan. (Vaideeswaran, Gagan) (Entered: 02/13/2015) |
| 02/17/2015 | [11](#)<br>(4 pgs; 2 docs) | Certificate of Credit Counseling Filed by Debtor Theresa Mena (RE: related document(s) Set Case Commencement Deficiency Deadlines (ccdn)). (Attachments: # [1](#) electronic filig declaration) (Garrett, Marend) WARNING: Incorrect pdf attached to docket entry. Modified on 2/24/2015 (Mohammad, Sandy). (Entered: 02/17/2015) |
| 02/18/2015 | [12](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Singh, Ramesh. (Singh, Ramesh) (Entered: 02/18/2015) |
| 02/24/2015 | [13](#)<br>(1 pg) | ORDER and notice of dismissal for failure to file schedules, statements, and/or plan - **Debtor** Dismissed. (BNC) Signed on 2/24/2015 (RE: related document(s) Set Case Commencement Deficiency Deadlines (ccdn), [6](#) Meeting (AutoAssign Chapter 7)). (Mohammad, Sandy) (Entered: 02/24/2015) |
| 02/26/2015 | [14](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s) [13](#) ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (Option A or Option B) (BNC)) No. of Notices: 3. Notice Date 02/26/2015. (Admin.) (Entered: 02/26/2015) |
| | | Chapter 7 Trustee's Report of No Distribution: I, Todd A. Frealy (TR), having been appointed trustee |

| | | |
|---|---|---|
| | | of the estate of the above-named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by Trustee Todd A. Frealy (TR) (RE: related document(s)6 Meeting of Creditors with 341(a) meeting to be held on 03/09/2015 at 09:00 AM at RM 103, 3801 University Ave., Riverside, CA 92501. Objections for Discharge due by 05/08/2015. Cert. of Financial Management due by 05/08/2015 for Debtor and Joint Debtor (if joint case) (admin, )). (Frealy (TR), Todd) (Entered: 03/11/2015) |
| 03/11/2015 | | |
| 03/12/2015 | 15 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Tolleson, Janna) (Entered: 03/12/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/13/2015 10:29:11 | | |
| **PACER Login:** | dx2248:4057390:4299065 | **Client Code:** | |
| | | | 6:15-bk-10896-MJ Fil or Ent: filed From: 12/12/2014 |

| **Description:** | Docket Report | **Search Criteria:** | To: 3/13/2015 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

LIVE DATABASE

LIVE DATABASE

LIVE DATABASE

LIVE DATABASE

## United States Bankruptcy Court
## Central District Of California

In re:
Theresa Mena

CHAPTER NO.: 7

CASE NO.: 6:15–bk–10896

# CASE COMMENCEMENT DEFICIENCY NOTICE

**To Debtor and Debtor's Attorney of Record,**
**YOUR CASE MAY BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES:**

**A.** You must cure the following within 14 days from filing of your petition:

☑ Certificate of Credit Counseling as required by § 521(b)(1), § 109(h)(1), and FRBP 1007(b)(3), or a Certification of Exigent Circumstances under § 109(h)(3), or a request for determination by the court under § 109(h)(4)
☑ Debtor's Certification of Employment Income (Local Form)

**Even if the indicated documents are not applicable to your particular situation, they must still be filed with the notation 'None' marked thereon.**

For all items above that are not electronically filed you must file the original and the following number of copies in accordance with Local Bankruptcy Rules 1002–1(c) and 5005–2, and Court Manual, section 2–1(a)(7).

       Chapter 7      Original only

**Please return the original or copy of this form with all required items to the following location:**

       3420 Twelfth Street, Riverside, CA 92501–3819

If you have any questions, please contact the below–referenced Deputy Clerk:

Dated: <u>February 2, 2015</u>

**KATHLEEN J. CAMPBELL, CLERK OF COURT**

**By: <u>Shari Mason</u>**
      **Deputy Clerk**

mccdn – Revised 06/2014

**3 – 1 / SRG**

Exhibit 1, pg. 17          EXHIBIT 2, page 12

1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  ABRAM S. FEUERSTEIN, SBN 133775
   ASSISTANT UNITED STATES TRUSTEE
3  JASON K. SCHRADER, SBN 258706
   UNITED STATES DEPARTMENT OF JUSTICE
4  OFFICE OF THE UNITED STATES TRUSTEE
   3801 University Avenue, Suite 720
5  Riverside, CA 92501-2804
   Telephone:    (951) 276-6990
6  Facsimile:    (951) 276-6973
   Email:    Jason.K.Schrader@usdoj.gov

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **RIVERSIDE DIVISION**

11

12 | In re:                         | Case No. 6:15-bk-10896-MJ

13 | THERESA MENA,                  | Chapter 7

14 |              Debtor.           | **NOTICE OF MOTION AND MOTION
                                      TO DISGORGE COMPENSATION
15                                    PURSUANT TO 11 U.S.C. § 329;
                                      MEMORANDUM OF POINTS AND
16                                    AUTHORITIES; DECLARATIONS OF
                                      DIMPLE P. MEHRA AND TODD A.
17                                    FREALY IN SUPPORT THEREOF**

18                                    Date:    April 21, 2015
                                      Time:    3:30 p.m.
19                                    Place:   Courtroom 301
                                               3420 Twelfth Street
20                                             Riverside, CA 92501

21

22     **TO THE HONORABLE MEREDITH A. JURY, UNITED STATES BANKRUPTCY**

23

24  **JUDGE, THE DEBTOR, DEBTOR'S COUNSEL, AND ALL PARTIES IN INTEREST:**

25          Please take notice that on April 21, 2015, at 3:30 p.m. in United States Bankruptcy

26  Courtroom 301, before the Honorable Meredith A. Jury, United States Bankruptcy Court Judge,

27  located at the United States Bankruptcy Court, 3420 Twelfth Street, Riverside, CA 92501,

28  Peter C. Anderson, the United States Trustee for Region 16 (the "U.S. Trustee") will move the

Court pursuant to 11 U.S.C. § 329[1] for an order disgorging compensation paid by debtor, Theresa

Mena (the "Debtor") to her legal counsel, Marend M. Garrett of the Law Office of Marend M.

Garrett (collectively, "Garrett").

This Motion is based on this notice, the attached Memorandum of Points and Authorities,

the Declaration of Dimple P. Mehra in support thereof, the papers, pleadings and files of record and

such evidence as the Court might receive at the time of the hearing on the Motion.

Pursuant to Rule 201 of the Federal Rules of Evidence, the U.S. Trustee respectfully

requests that the Court take judicial notice of the Debtor's Petition, Schedules, Statement of

Financial Affairs, and other documents filed in this case.

**Local Bankruptcy Rule 9013-1(f) requires that any objection or response to this**

**Motion must be stated in writing, filed with the Clerk of the Court and served at least**

**fourteen (14) days prior to the hearing on the United States Trustee at 3801 University**

**Avenue, Suite 720, Riverside, California 92501 and on the Chapter 7 Trustee, Trustee, Todd**

**Frealy, 3403 Tenth Street, Ste. 709, Riverside, CA 92501.  Failure to file and serve any**

**opposition may be considered consent to the relief requested in this Motion.**

DATED: March ____, 2015                    PETER C. ANDERSON
                                           UNITED STATES TRUSTEE


                                           By: /s/ *Jason K. Schrader*
                                               Jason K. Schrader
                                               Trial Attorney

---

[1]     Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy
Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF ARGUMENT

The $1,000 fee paid to Garrett was excessive under 11 U.S.C. Section 329 and FRBP 2017. Theresa Mena's (the "Debtor") bankruptcy case was dismissed at least in part because of shortcomings in Garrett's representation of the Debtor. Of note, Garrett filed a stale credit counseling certificate for the Debtor, and in response to a case commencement deficiency notice, failed to file amended documents, which apparently were ready to be filed. Additionally, Garrett failed to inform his client of the dismissal, causing her to attend the meeting of creditors unnecessarily. The U.S. Trustee submits that Garrett's fees were excessive in light of the errors made in the case, and because Garrett's work likely created additional stress and/or inconvenience for the Debtor.  Garrett should disgorge all or part of the fees paid in this case.

### II.    JURISDICTION

Jurisdiction over this core proceeding is based on 28 U.S.C. § 157(b)(2)(A) and (O), 1334(b), and the General Order of the District Court referring all Title 11 cases and proceedings to the Bankruptcy Court. Venue is appropriate pursuant to 28 U.S.C. § 1409(a). Bankruptcy courts have broad and inherent authority to regulate a debtor's attorney's compensation. *Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997). Jurisdiction also is proper as a court always maintains jurisdiction to interpret or enforce its orders. *Beneficial Trust Deeds v. Franklin (In re Franklin)*, 802 F.2d 324, 327 (9th Cir. 1986).

### III.    STATEMENT OF FACTS

1.    The Debtor filed a voluntary Chapter 7 petition on February 2, 2015, (the "Bankruptcy Case").  [*See generally*, Docket, Exhibit ("Exh.") 1 to Declaration of Dimple P. Mehra filed herewith (the "Mehra Decl.")].  According to the Disclosure of Compensation of Attorney for

Debtor, prior to the filing of the Bankruptcy Case the Debtor paid Garrett $1,000 for his services. [*See* Mehra Decl., Exh. 2].

2.      The Certificate of Credit Counseling (the "CCC"), submitted on February 2, 2015 with the Debtor's petition was dated July 15, 2014, which was more than 180 days pre-petition. [*See* Mehra Decl., Exh. 3]. In contrast, Exhibit D indicated that the Debtor had completed her credit counseling requirement within the 180 days before the filing of the Bankruptcy Case.  [*See* Mehra Decl., Exh. 4].  Additionally, the Debtor's Certification of Employment Income that was filed was incomplete.  [*See* Mehra Decl., Exh. 5].

2.      On February 2, 2015, the Court issued a Case Commencement Deficiency Notice (the "Deficiency Notice").  The Deficiency Notice was issued only with respect to the Certificate of Credit Counseling and the Debtor's Certification of Employment Income.  [*See* Mehra Decl., Exh. 6].

3.      On February 17, 2015, the Debtor filed an Electronic Filing Declaration (the "EFD") for amended documents; however, Garrett did not filed any amended documents with the EFD. [*See* EFD, attached to the Mehra Decl. as Exh. 8].

4.      On February 24, 2015, the Court dismissed the Case for failure to file case commencement documents.  [*See* Mehra Decl., Exh. 1].

5.      On March 9, 2015, the Debtor appeared at the 341(a) Meeting of Creditors (the "341a Meeting") unaware that her case had been dismissed.  [*See* Declaration of Chapter 7 Trustee, Todd Frealy (the "Frealy Decl."), ¶¶ 4 and 5].

6.      At the 341a Meeting, the Debtor testified that she had spoken to Garrett recently and he had not informed her of the dismissal.  She further stated that she was expecting him to appear at the 341a Meeting.  [*See* Frealy Decl., ¶ 6].

//

# IV.    ARGUMENT

## A.  BASED ON GARRETT'S SUBSTANDARD WORK, GARRETT'S

## COMPENSATION IS UNREASONABLE

In order to retain compensation, a debtor's counsel must provide reasonable value to the

estate. 11 U.S.C. § 329.[2]  In *In re Jastrem*, 253 F.3d 438 (9th Cir. 2001), the Ninth Circuit held

that bankruptcy courts could return fees to the debtor where it found that they were

unreasonable.  Moreover, the Ninth Circuit BAP has held that it is appropriate for a bankruptcy

court to reduce fees when debtor's counsel fails to "...provide competent and complete

representation...." *In re Basham*, 208 B.R. 926, 933 (9th Cir. BAP 1997) (fee reduction based on

inaccuracies in the schedules and Chapter 13 plan, improperly claimed exemptions, and an

improperly noticed plan confirmation hearing). Services rendered by a debtor's attorney which

are of poor quality and/or which do not comply with attorney's ethical duties are not reasonable

and provide grounds for the disgorgement of fees. *In re Smith*, 436 B.R. 476 (Bankr.N.D.Ohio

2010) (ordering disgorgement of fees when debtors' counsel failed to attend hearing on a

motion to dismiss).

The court in *In re Dean*, 401 B.R. 917 (Bankr. D. Idaho 2008) observed:

> Frequently, a challenge to the reasonableness of a debtor's attorneys' fees focuses
> on the amount of time spent by the lawyer in providing services to the debtor, or
> the hourly rate charged by the lawyer for those services. This is not such a case.
> Here, Trustee does not indict [attorney] for spending inadequate time in preparing
> and filing Debtor's bankruptcy case, or argue that his hourly rate is excessive.
> Instead, in this instance, Trustee's *motion calls into question the quality of the*

---

[2]    11 U.S.C. § 329 provides: If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to – (1) the estate, if the property transferred – (A) would have been property of the estate; or (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; to (2) the entity that made such payment.

*legal services [attorney] provided to Debtors for the fees he charged. . . ."* *Id.* at 922-923. (footnotes omitted)(emphasis added).

In *Dean*, the court concluded that debtor's counsel did not provide competent representation because he failed to make an adequate inquiry into the status of a lien on an asset prior to filing their bankruptcy case, thus failing to protect the asset from liquidation by the chapter 7 trustee. Accordingly, pursuant to Code Section 329(b) the court disgorged one half of the fees received by counsel. *Id.* at 925-926.

Here, Garrett has not performed services worth $1,000.00. A review of the bankruptcy documents reflects a series of significant errors made in this case. First, Garrett filed outdated and/or incomplete documents with the Court, which resulted in the Court issuing a deficiency notice. Second, Garrett failed to timely cure the deficiencies. Moreover, Garrett's filing of the EFD suggests that the documents were ready to be filed. Garrett apparently failed to file them by mistake. Finally, Garrett failed to notify the Debtor that her case had been dismissed due to his failure to cure the deficiencies, which caused her to appear unnecessarily at the 341a Meeting.

The case was dismissed in part because Garrett filed a stale CCC for the Debtor, and also because he failed to filed amended documents that apparently the Debtor had completed timely. When the case was dismissed, Garrett seemingly failed to promptly inform the Debtor. Under the circumstances, the Court should order the disgorgement of all or part of the $1,000 that the Debtor paid to Garrett.[3]

//

//

//

---

[3]    This is not the first time Garrett has been the subject of a disgorgement motion for providing less than adequate representation. The U.S. Trustee obtained a disgorgement against Garret in another case, *In re Linton*, Case No. 6:11-bk-10085-DS. [*See* Mehra Decl., Exh. 7].

**V.** **CONCLUSION**

In light of the failure to file complete documents, cure the deficiencies, and the consequent

harm to the Debtor, the U.S. Trustee respectfully requests that that the Court determine that

Garrett's services were of limited or no value and that the Court order the disgorgement of all or

part of the $1,000 that the Debtor paid to Garrett.


DATED: March _____, 2015                    PETER C. ANDERSON
                                            UNITED STATES TRUSTEE

                                            By: /s/ *Jason K. Schrader*
                                                Jason K. Schrader
                                                Trial Attorney

### DECLARATION OF DIMPLE P. MEHRA

I, Dimple P. Mehra, declare:

1.    I am a Bankruptcy Auditor employed by the Department of Justice in the Riverside Field Office of the Office of the United States Trustee ("RDO").  I submit this declaration in support of the U.S. Trustee's Motion to Disgorge Attorney Compensation (the "Motion").[4]  If called as a witness in this matter, I could and would be competent to testify to the facts set forth herein of my own personal knowledge, except as to those matters stated on information and belief and as to such matters, I believe them to be true.

2.    On March 13, 2015, I accessed the Court's docket for *In re Mena*, 6:15-bk-10896-MJ, located at ecf.cacb.uscorts.gov (the "Docket").  A true and correct copy of the Docket is attached hereto as Exhibit 1.

3.    Attached hereto as Exhibit 2 is a true and correct copy of the Disclosure of Compensation of Attorney for Debtor filed by the Debtor on February 2, 2015, which the Debtor filed with the Court and which I accessed electronically.

4.    Attached hereto as Exhibit 3 is a true and correct copy of the Certificate of Counseling dated July 15, 2014, which the Debtor filed with the Court and which I accessed electronically.

5.    Attached hereto as Exhibit 4 is a true and correct copy of Exhibit D dated February 2, 2015, which the Debtor filed with the Court and which I accessed electronically.

6.    Attached hereto as Exhibit 5 is a true and correct copy of the Debtor's Certification of Employment Income dated February 2, 2015, which the Debtor filed with the Court and which I accessed electronically.

---

[4]    Capitalized terms shall have the same meaning as those described in the Motion.

7.      Attached hereto as Exhibit 6 is a true and correct copy of the Case Commencement Deficiency Notice issued by the Court, which I accessed electronically.

8.      Attached hereto as Exhibit 7 is a true and correct copy of a disgorgement order entered against Garrett in the matter of *In re Linton*, Case No. 6:11-bk-10085-DS, which I accessed electronically.

9.      Attached hereto as Exhibit 8 is a true and correct copy of the EFD that Garrett filed on February 17, 2015.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on March ___, 2015 at Riverside, California.


_____

Dimple P. Mehra

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Office of the U. S. Trustee
3801 University Ave., Suite 720
Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*):  **NOTICE OF MOTION AND MOTION TO DISGORGE COMPENSATION PURSUANT TO 11 U.S.C. § 329; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF DIMPLE P. MEHRA AND TODD A. FREALY IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
<u>NEF Interested Parties:</u>

Ch 7 Trustee: Todd Frealy (TR)   taftrustee@lnbyb.com
Debtor's Counsel:  Marend Garrett  marend.garrettesq@hotmail.comUnited States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor:
Theresa Mena
747 S. J Street
San Bernardino, CA  92410

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Presiding Judge:
Hon. Meredith A. Jury
3420 Twelfth Street, Ste. 325 Riverside, CA 92501 (overnight mail via Fed Ex)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | Mary Avalos | /s/ Mary Avalos |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1    TODD A. FREALY (State Bar No. 198780)
     CHAPTER 7 TRUSTEE
2    3403 Tenth Street, Suite 709
     Riverside, CA 92501
3    Telephone: (951) 784-4122
     Facsimile: (951) 784-7143
4    Email: taf@lnbyb.com; taftrustee@lnbyb.com

5

6

7

8                     UNITED STATES BANKRUPTCY COURT
9                     CENTRAL DISTRICT OF CALIFORNIA
                             RIVERSIDE DIVISION
10

11   In re                                  Case No. 6:15-bk-10896-MJ

12   THERESA MENA,                          Chapter 7

13                                          **CHAPTER 7 TRUSTEE'S**
                        Debtor.             **DECLARATION IN SUPPORT OF**
14                                          **MOTION TO DISGORGE**
                                            **ATTORNEYS' FEES FROM**
15                                          **ATTORNEY MAREND GARRETT**

16                                          Date:
                                            Time:  a.m.
17                                          Place: Courtroom 301
                                                   U.S. Bankruptcy Court
18                                                 3420 12TH Street,
                                                   Riverside, California 92501
19

20

21

22
     **TO THE HONORABLE MEREDITH JURY, UNITED STATES BANKRUPTCY, THE**
23
     **DEBTOR AND HER COUNSEL OF RECORD:**
24
25        Todd A. Frealy, the former Chapter 7 Trustee herein (the "Trustee"), hereby respectfully

26   submits his declaration in support of a motion to disgorge attorneys' fees from attorney Marend

27   Garrett in the above-referenced matter.

28

1

### DECLARATION OF TODD A. FREALY

2          I, Todd A. Frealy, declare as follows:

3          1.       I was the duly-appointed, qualified and acting Chapter 7 Trustee for the

4   bankruptcy estate of Theresa Mena (the "Debtor").  I make this Declaration in support of the

5   motion to disgorge attorneys' fees from attorney Marend Garrett filed by the United States

6   Trustee. Unless otherwise stated, the following facts are within my personal knowledge.  If

7   called to testify as a witness with respect to the statements set forth herein, I could and would

8
9   competently testify thereto.

10         2.       On February 2, 2015, the Debtor filed a voluntary petition under Chapter 7 of the

11  Bankruptcy Code. Shortly thereafter, I was appointed as trustee for the Debtor's estate.

12         3.       The Debtor's bankruptcy case was dismissed on February 24, 2015. The

13  dismissal order states that the case was dismissed as a result of the Debtor's failure to file all of

14  the documents required under FRBP 1007 or 3015(b) within 14 days after the filing of the

15
16  petition.

17         4.       The Debtor's Section 341(a) meeting of creditors was scheduled for March 9,

18  2014. I called the Debtor's case and discovered that the Debtor was present despite the fact that

19  her case had been dismissed.

20         5.       I advised the Debtor that her case had been dismissed as a result of the failure to

21  file schedules or statements. The Debtor said she was not aware that her case had been

22
23  dismissed.

24  ///

25  ///

26  ///

27  ///

28

Exhibit 1, pg. 29          EXHIBIT 3, page 24

6.      The Debtor also stated that she had spoken with Marend Garrett recently and he had not informed her of the dismissal. The Debtor further stated that she expected Mr. Garrett to appear with her at the meeting of creditors and that she had used a vacation day to attend the examination.

I declare under penalty of perjury, pursuant to the laws of the United States of America, that the foregoing is true and correct and that this declaration was executed on March 23, 2015, at Los Angeles, California.

TODD A. FREALY

1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  ABRAM S. FEUERSTEIN, SBN 133775
   ASSISTANT UNITED STATES TRUSTEE
3  JASON SCHRADER, SBN 258706
   TRIAL ATTORNEY
4  UNITED STATES DEPARTMENT OF JUSTICE
   OFFICE OF THE UNITED STATES TRUSTEE
   3801 University Ave, Suite 720
5  Riverside, CA 92501-2804
   Telephone:    (951) 276-6990
6  Facsimile:     (951) 276-6973
   Email:    Jason.K.Schrader@usdoj.gov

**FILED & ENTERED**

**APR 09 2015**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY yepes        DEPUTY CLERK

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        RIVERSIDE DIVISION

11   In re:                              Case No. 6:15-bk-10896-MJ

12   THERESA MENA,                       Chapter 7

13              Debtors.                 **ORDER GRANTING UNITED STATES
                                         TRUSTEE'S *EX PARTE* MOTION TO
14                                       REOPEN CHAPTER 7 BANKRUPTCY
                                         CASE**

15                                       [Pursuant to LBR 5010-1(e), No Hearing
                                         Required]

16

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

Exhibit 1, pg. 31

1    The *ex parte* motion (the "Motion") of Peter C. Anderson, the United States Trustee for

2 Region 16 (the "U.S. Trustee"), for the entry of an order reopening the Chapter 7 bankruptcy case

3 filed by Theresa Mena (the "Debtor") came on for consideration by the Honorable Meredith A.

4 Jury, United States Bankruptcy Judge.

5        Finding that good cause exists to grant the Motion,

        **IT IS HEREBY ORDERED** that:

6    1.        The Motion is **GRANTED**; and

7    2.        The above-captioned bankruptcy case is reopened.

8                                                            ####

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23        Date: April 9, 2015

                                        Meredith A. Jury
24                                        United States Bankruptcy Judge

Exhibit 1 - pg. 32

1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  ABRAM S. FEUERSTEIN, SBN 133775
   ASSISTANT UNITED STATES TRUSTEE
   UNITED STATES DEPARTMENT OF JUSTICE
3  OFFICE OF THE UNITED STATES TRUSTEE
   3801 University Avenue, Suite 720
4  Riverside, CA 92501-3200
   Telephone:    (951) 276-6990
5  Facsimile:    (951) 276-6973
   Email:        Abram.S.Feuerstein@usdoj.gov

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **RIVERSIDE DIVISION**

11 | In re:                          | Case No. 6:17-bk-17721-WJ

12 | CHRISTOPHER DALE SANDERS,       | CHAPTER 7

13 |                                 | **UNITED STATES TRUSTEE'S *EX PARTE* MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DIMPLE P. MEHRA FILED IN SUPPORT THEREOF**

14 |              Debtor.            |

15 |

16 |                                 | [Pursuant to LBR 5010-1(e), No Hearing Required]

17

18

19

20

21      **TO THE HONORABLE WAYNE E. JOHNSON, UNITED STATES BANKRUPTCY**

22 **JUDGE, THE DEBTOR, AND THE FORMER CHAPTER 7 TRUSTEE:**

23

24

                                1

Peter C. Anderson, the United States Trustee for Region 16 (the "U.S. Trustee"), *ex parte*, pursuant to Section 350(b) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 5010 and Local Bankruptcy Rule 5010-1, for an order reopening the Chapter 7 bankruptcy case of Christopher Dale Sanders (the "Motion") to enable the U.S. Trustee to file a motion seeking the disgorgement of fees against the Debtor's attorney, Michael Shemtoub of Wilshire Law (collectively, "Shemtoub"). In support of the Motion, the U.S. Trustee represents:

## I.    **PERTINENT FACTS**

1.    On September 14, 2017, the Debtor filed a voluntary Chapter 7 petition. [*See generally* Docket, Exhibit ("Exh.") 1, attached to the Declaration of Dimple P. Mehra (the "Mehra Decl.")].

2.    The petition, schedules, and statements filed by Shemtoub on behalf of the Debtor contained numerous errors and inconsistent information. [*See* Petition and Schedules, Docket Entry No. 1].

3.    The credit counseling certificate submitted by Shemtoub on behalf of the Debtor was dated more than six months before the petition date. [*See* Credit Counseling Certificate, Mehra Decl., Exh. 2].

4.    Shemtoub disclosed that he charged the Debtor $1,400 in connection with the Bankruptcy Case. [*See* Disclosures of Compensation of Attorney for Debtor, Mehra Decl., Exh. 3].

5.    On September 28, 2017, the U.S. Trustee sent an inquiry to Shemtoub requesting an explanation with regard to inconsistencies and errors in the Debtor's petition, schedules, and statements and informed him that the credit counseling certificate submitted on behalf of the Debtor was dated more than six months before the petition date. [*See* Certificate of Credit Counseling, Mehra Decl., Exh. 2].

2

6.      The Court issued multiple deficiency notices in the Bankruptcy Case. [*See* Mehra Decl., Exh. 1].

7.      On September 28, 2017, after receiving the U.S. Trustee's inquiry, Shemtoub contacted the U.S. Trustee's office. Based upon discussions with Shemtoub, the U.S. Trustee contends that Shemtoub provided subpar representation to the Debtor.

8.      The U.S. Trustee desires that the Court reopen the case to enable the U.S. Trustee to file a motion to disgorge compensation and to accommodate the refund of $1,400 to the Debtor.[1]

## II.   **ARGUMENT**

### A.   **The Court should Reopen the Bankruptcy Case so that the U.S. Trustee can File a Disgorgement Motion**

Federal Rule of Bankruptcy Procedure 5010 provides, in pertinent part, that a "case may be reopened on motion of the debtor or other party in interest pursuant to Section 350(b) of the Code." Fed.R.Bankr.P. 5010.  In turn, Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

Motions to reopen bankruptcy cases should be "routinely granted . . ." *In re Dodge*, 138 B.R. 602, 605 (Bankr. E.D. Cal. 1992).  Moreover, reopening this case is "merely a ministerial or mechanical act," which will not impact or prejudice the rights of the parties. *See Devore v. Marshack, Chapter 7 Trustee (In re Devore)*, 223 B.R. 193, 198 (B.A.P. 9th Cir. 1998); *Menk*, 241 B.R. at 914 ("an improvident reopening is largely a victimless error.").

In this matter, the Debtor paid $1,400 in legal fees to Shemtoub, in expectation of receiving adequate representation in his bankruptcy proceedings.  Despite receiving the fees, the U.S. Trustee

---

[1]   A copy of the motion is attached to the Declaration of Dimple P. Mehra as Exhibit 4.

3

1  contends that Shemtoub did not provide adequate representation.  The U.S. Trustee seeks to reopen

2  this case to file a motion to disgorge all of the money Shemtoub received from the Debtor.  The Court

3  should reopen this case for cause because Section 329 provides a bankruptcy remedy unavailable

4  elsewhere and Shemtoub's actions relate to this bankruptcy case.

5        **B.**    **Notice Is Not Required To Reopen This Case**

6        Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure require notice in

7  order to reopen a case.  Federal Rule of Bankruptcy Procedure 5010 does not require that notice be

8  given to reopen a case.  Fed.R.Bankr.P. 5010.  Section 350(b) also does not "contain the talismanic

9  mention of motion and hearing that connotes the statutory need to permit a contest." *Menk*, 241 B.R.

10  at 914; 11 U.S.C. § 350(b).  In fact, Local Bankruptcy Rule 5010-1 expressly permits a motion to

11  reopen to be considered *ex parte*.  LBR 5010-1(e).  Accordingly, the Court should grant the relief

12  requested in this Motion without notice.

13  **III.**   **CONCLUSION**

14        For the reasons set forth above, the U.S. Trustee respectfully requests that an order be entered

15  reopening this bankruptcy case; waiving any related fees;[2] and for such other and further relief that

16  may be just and equitable.

17

18  DATED: December 22, 2017             PETER C. ANDERSON
                                         UNITED STATES TRUSTEE

19

20                                  By: */s/ Abram S. Feuerstein*
                                      Abram S. Feuerstein
                                      Assistant U.S. Trustee

21

22

23

---

24  [2]    Pursuant to the Court's Bankruptcy Court Miscellaneous Fee Schedule, issued pursuant to
    28 U.S.C. § 1930(b), the U.S. Trustee should not be charged for re-opening a Chapter 7 case.

4

## DECLARATION OF DIMPLE P. MEHRA

I, Dimple P. Mehra, declare:

1.    I am employed as a Bankruptcy Auditor by the United States Trustee for Region 16, Riverside Field Office ("RDO").

2.    This declaration is submitted in support of the U.S. Trustee's *ex parte* motion to reopen the case of Christopher Dale Sanders so that the U.S. Trustee can filed a motion to disgorge fees against the Debtor's attorney (the "Motion").[3] If called as a witness in this matter, I could and would be competent to testify to the following of my own personal knowledge, except with respect to matters that are stated to be true upon information and belief, and as to such matters, I believe that they are true.

3.    Attached hereto as Exhibit 1 is a true and correct copy of the Court's docket, which I obtained from the Court's electronic records.

4.    Attached hereto as Exhibit 2 is a true and correct copy of the credit counseling certificate filed in the Bankruptcy Case, which I obtained from the Court's electronic records.

5.    Attached hereto as Exhibit 3 is a true and correct copy of the Compensation Disclosure, which I obtained from the Court's electronic records.

6.    The U.S. Trustee desires to reopen the case in order to file a motion seeking the disgorgement of compensation paid to Shemtoub. A copy of the motion is attached hereto as Exhibit 4.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on December 22, 2017, at Riverside, California.

_____
Dimple P. Mehra

---

[3]    Capitalized terms have the meanings ascribed to them by the Motion.

5

1    **PROOF OF SERVICE OF DOCUMENT**

2    I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
     **Office of the U. S. Trustee**
3    **3801 University Ave., #720**
     **Riverside, CA 92501**

4    A true and correct copy of the foregoing document entitled (*specify*)  **UNITED STATES TRUSTEE'S *EX PARTE***
     **MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE; MEMORANDUM OF POINTS AND**
5    **AUTHORITIES; DECLARATION OF DIMPLE P. MEHRA FILED IN SUPPORT THEREOF** will be served or
     was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
6    stated below:

7    **1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling
     General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
     On (*date*)   December 22, 2017 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and
8    determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email
     addresses stated below:

9                                                           ☒  Service information continued on attached page
     **2.  SERVED BY UNITED STATES MAIL**:

10   On (*date*)  December 22, 2017, I served the following persons and/or entities at the last known addresses in this
     bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United
11   States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that
     mailing to the judge will be completed no later than 24 hours after the document is filed.

12   | Debtor: |
     | Christopher Dale Sanders |
13   | 913 S. Grand Ave spc 86 |
     | San Jacinto, CA 92582 |

14                                                           ☐ Service information continued on attached page

15   **3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
     (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  December 22,
16   2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who
     consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here
     constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24
17   hours after the document is filed.
     Presiding Judge:
     Hon. Wayne E. Johnson
18   3420 Twelfth Street, Suite 384
     Riverside, CA 92501-3819 (overnight mail via Fed Ex)

19                                                           ☐  Service information continued on attached page

20   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

21    December 22, 2017      Dimple P. Mehra
     _____     _____          _____
      *Date*                 *Printed Name*                  *Signature*

22

23

24

                                              6

# Mailing Information for Case 6:17-bk-17721-WJ

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Todd A. Frealy (TR)**    taftrustee@lnbyb.com, tfrealy@ecf.epiqsystems.com
- **Michael Shemtoub**    michael@lexingtonlg.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.

**Repeat-cacb, RepeatPACER, Incomplete, DISMISSED, NOCLOSE**

# U.S. Bankruptcy Court
## Central District of California (Riverside)
### Bankruptcy Petition #: 6:17-bk-17721-WJ

| | |
|---|---|
| | *Date filed:* 09/14/2017 |
| *Assigned to:* Wayne E. Johnson | *Debtor dismissed:* 10/02/2017 |
| Chapter 7 | *341 meeting:* 10/17/2017 |
| Voluntary | *Deadline for objecting to discharge:* 12/18/2017 |
| No asset | *Deadline for financial mgmt. course:* 12/18/2017 |

*Debtor disposition:* Dismissed for Failure to File Information

| | |
|---|---|
| **Debtor** | represented by **Michael Shemtoub** |
| **Christopher Dale Sanders** | 4929 Wilshlre blvd Suite 915 |
| 913 S. Grand Ave spc 86 | Los Angeles, CA 90010 |
| San Jacinto, CA 92582 | 310-552-6959 |
| RIVERSIDE-CA | Email: michael@lexingtonlg.com |
| SSN / ITIN: xxx-xx-3746 | |

**Trustee**
**Todd A. Frealy (TR)**
3403 Tenth Street, Suite 709
Riverside, CA 92501
951-784-4122

**U.S. Trustee**
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| 09/14/2017 | 1 (88 pgs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $335 Filed by Christopher Sanders (Shemtoub, Michael) WARNING: Item subsequently amended by docket entries 5,6 & 10. Case deficient for Statement of Social Security (missing holographic signature of debtor) due 9/25/2017, Declaration of Electronic Filing due 9/25/2017 and Master Mailing List of Creditors due 9/25/2017. See Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours , docket entry no. 9. Case also |

| | | |
|---|---|---|
| | | deficient for Chapter 7 Statement of Your Current Monthly Income (Form 122A-1) (missing signature of debtor) Due: 9/28/2017. Statement of Exemption from Presumption of Abuse (Form 122A-1Supp) Due: 9/28/2017. Chapter 7 Means Test Calculation (Form 122A-2) Due: 9/28/2017, Cert. of Credit Counseling (Certificate is over 180 days old) due by 9/28/2017. Disclosure of Compensation of Attorney for Debtor (Form 2030)(PDF reflected is missing part of the form) due 9/28/2017. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) (box was not checked and is missing signature of debtor) due by 9/28/2017 and Incomplete Filings due by 9/28/2017. See Case Commencement Deficiency Notice, docket entry no. 7 and Order to Comply, docket entry no.l 8. Modified on 9/15/2017 (Tapia, Eileen). (Entered: 09/14/2017) |
| 09/14/2017 | | Receipt of Voluntary Petition (Chapter 7)(6:17-bk-17721) [misc,volp7] ( 335.00) Filing Fee. Receipt number 45582760. Fee amount 335.00. (re: Doc# 1) (U.S. Treasury) (Entered: 09/14/2017) |
| 09/14/2017 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Christopher Sanders. (Shemtoub, Michael) (Entered: 09/14/2017) |
| 09/14/2017 | 3 (1 pg) | Certificate of Credit Counseling Filed by Debtor Christopher Sanders. (Shemtoub, Michael) WARNING: Item subsequently amended by docket entry no. 10. Modified on 9/15/2017 (Tapia, Eileen). (Entered: 09/14/2017) |
| 09/14/2017 | | Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Christopher Dale Sanders) Chapter 7 Statement of Your Current Monthly Income (Form 122A-1) Due: 9/28/2017. Statement of Exemption from Presumption of Abuse (Form 122A-1Supp) Due: 9/28/2017. Chapter 7 Means Test Calculation (Form 122A-2) Due: 9/28/2017. Incomplete Filings due by 9/28/2017. (Tapia, Eileen) (Entered: 09/15/2017) |
| 09/14/2017 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Christopher Dale Sanders) |

| | | |
|---|---|---|
| | | Cert. of Credit Counseling due by 9/28/2017. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 9/28/2017. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 9/28/2017. Incomplete Filings due by 9/28/2017. (Tapia, Eileen) (Entered: 09/15/2017) |
| 09/15/2017 | 4<br>(6 pgs; 2 docs) | Meeting of Creditors with 341(a) meeting to be held on 10/17/2017 at 10:00 AM at RM 103, 3801 University Ave., Riverside, CA 92501. Objections for Discharge due by 12/18/2017. Cert. of Financial Management due by 12/18/2017 for Debtor and Joint Debtor (if joint case) (admin, ) (Entered: 09/15/2017) |
| 09/15/2017 | | Notice of Debtor's Prior Filings for debtor Christopher Sanders Case Number 17-15828, Chapter 7 filed in California Central Bankruptcy on 07/12/2017 , Dismissed for Failure to File Information on 07/18/2017.(Admin) (Entered: 09/15/2017) |
| 09/15/2017 | 5 | Notice to Filer of Correction Made/No Action Required: **Incorrect/incomplete debtor(s) name and/or alias entered. THE COURT HAS CORRECTED THIS INFORMATION. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Christopher Dale Sanders) (Tapia, Eileen) (Entered: 09/15/2017) |
| 09/15/2017 | | Judge Wayne E. Johnson added to case 6:17-bk-15828-WJ. Involvement of Judge Scott H. Yun Terminated (Tapia, Eileen) (Entered: 09/15/2017) |
| 09/15/2017 | 6 | Notice to Filer of Correction Made/No Action Required: **Judge/Trustee was reassigned due to prior case 6:17-bk-15828-WJ. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Christopher Dale Sanders) (Tapia, Eileen) (Entered: 09/15/2017) |
| 09/15/2017 | 7<br>(1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Christopher Dale Sanders) (Tapia, Eileen) (Entered: 09/15/2017) |

| 09/15/2017 | 8<br>(1 pg) | ORDER to comply with bankruptcy rule 1007/3015 (b) and notice of intent to dismiss case (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Christopher Dale Sanders) (Tapia, Eileen) (Entered: 09/15/2017) |
| --- | --- | --- |
| 09/15/2017 | 9<br>(1 pg) | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (Tapia, Eileen) (Entered: 09/15/2017) |
| 09/15/2017 | 10 | Notice to Filer of Error and/or Deficient Document **Petition was filed as complete, but schedules or statements are deficient. THE FILER IS INSTRUCTED TO RE-FILE THE DEFICIENT DOCUMENTS IMMEDIATELY.** (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Christopher Dale Sanders) (Tapia, Eileen) (Entered: 09/15/2017) |
| 09/17/2017 | 11<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)4 Meeting (AutoAssign Chapter 7)) No. of Notices: 3. Notice Date 09/17/2017. (Admin.) (Entered: 09/17/2017) |
| 09/17/2017 | 12<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)7 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 09/17/2017. (Admin.) (Entered: 09/17/2017) |
| 09/17/2017 | 13<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)8 ORDER to comply with bankruptcy rule 1007/3015 (b) and notice of intent to dismiss case (Ch 7/13) (BNC)) No. of Notices: 1. Notice Date 09/17/2017. (Admin.) (Entered: 09/17/2017) |
| 09/17/2017 | 14<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)9 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 09/17/2017. (Admin.) (Entered: 09/17/2017) |
| 09/18/2017 | | Notice of Debtor's Prior Filings for debtor Christopher Dale Sanders Case Number 17-15828, Chapter 7 filed in California Central Bankruptcy on 07/12/2017 , Dismissed for Failure to File Information on 07/18/2017.(Admin) (Entered: 09/18/2017) |
| 09/18/2017 | 15 | |

| | | |
|---|---|---|
| | | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Christopher Dale Sanders. (Shemtoub, Michael) (Entered: 09/18/2017) |
| 09/18/2017 | 16 (1 pg) | Electronic Filing Declaration (LBR Form F1002-1) Filed by Debtor Christopher Dale Sanders. (Shemtoub, Michael) (Entered: 09/18/2017) |
| 09/18/2017 | 17 (1 pg) | List of Creditors (Master Mailing List of Creditors) Filed by Debtor Christopher Dale Sanders. (Shemtoub, Michael) (Entered: 09/18/2017) |
| 09/18/2017 | 18 (1 pg) | Certificate of Credit Counseling Filed by Debtor Christopher Dale Sanders (RE: related document(s) Set Case Commencement Deficiency Deadlines (ccdn)). (Shemtoub, Michael) (Entered: 09/18/2017) |
| 09/18/2017 | 19 (2 pgs) | Disclosure of Compensation of Attorney for Debtor (Official Form 2030) Filed by Debtor Christopher Dale Sanders (RE: related document(s) Set Case Commencement Deficiency Deadlines (ccdn)). (Shemtoub, Michael) (Entered: 09/18/2017) |
| 09/18/2017 | 20 (2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Christopher Dale Sanders (RE: related document(s) Set Case Commencement Deficiency Deadlines (ccdn)). (Shemtoub, Michael) (Entered: 09/18/2017) |
| 09/18/2017 | 21 (2 pgs) | Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Chapter 7 Means Test Calculation (Official Form 122A-2) (BNC Option) , Exemption is not being requested. (Official Form 122A-1Supp) Filed by Debtor Christopher Dale Sanders (RE: related document(s) Set Case Commencement Deficiency Deadlines (def/deforco)). (Shemtoub, Michael) (Entered: 09/18/2017) |
| 09/18/2017 | 22 (2 pgs) | Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) Filed by Debtor Christopher Dale Sanders. (Shemtoub, Michael) (Entered: 09/18/2017) |
| 09/18/2017 | 23 (1 pg) | Exemption is not being requested. (Official Form 122A-1Supp) Filed by Debtor Christopher Dale Sanders (RE: related document(s) Set Case |

| | | |
|---|---|---|
| | | Commencement Deficiency Deadlines (def/deforco)). (Shemtoub, Michael) (Entered: 09/18/2017) |
| 09/18/2017 | 24 (9 pgs) | Chapter 7 Means Test Calculation (Official Form 122A-2) (BNC Option) Filed by Debtor Christopher Dale Sanders (RE: related document(s) Set Case Commencement Deficiency Deadlines (def/deforco)). (Shemtoub, Michael) (Entered: 09/18/2017) |
| 10/02/2017 | 25 (1 pg) | Order and Notice of Dismissal for Failure to File Schedules, Statements, and/or Plan - DEBTOR Dismissed (BNC) (Gomez, Andrea) (Entered: 10/02/2017) |
| 10/04/2017 | 26 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 25 ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (CACB AutoDismiss) (BNC)) No. of Notices: 3. Notice Date 10/04/2017. (Admin.) (Entered: 10/04/2017) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/06/2017 10:47:41 | | |
| **PACER Login:** | dx2248:4057390:4299065 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:17-bk-17721-WJ Fil or Ent: filed From: 7/7/2013 To: 10/6/2017 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

Certificate Number: 05375-CAC-CC-028839116



05375-CAC-CC-028839116

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>February 28, 2017</u>, at <u>4:08</u> o'clock <u>PM PST</u>, <u>Christopher D
Sanders</u> received from <u>#1$t Choice Credit Counseling & Financial Education
a/k/a DBSM, Inc.</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide
credit counseling in the <u>Central District of California</u>, an individual [or group]
briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a
copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date:   <u>February 28, 2017</u>          By:     <u>/s/Danette Banyai</u>

                                        Name:  <u>Danette Banyai</u>

                                        Title:  <u>Director</u>

\* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy
Code are required to file with the United States Bankruptcy Court a completed certificate of
counseling from the nonprofit budget and credit counseling agency that provided the individual
the counseling services and a copy of the debt repayment plan, if any, developed through the
credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## CENTRAL DISTRICT OF CALIFORNIA

In re    Christopher Dale Sanders

Case No. 6:17-bk-15828

**Debtor**

Chapter 7

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____1,400.00

    Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . $_____14000

    Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____0

2.  The source of the compensation paid to me was:

    ☑ Debtor          ☐ Other (specify)

3.  The source of compensation to be paid to me is:

    ☐ Debtor          ☐ Other (specify)

4.  ☐ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

030) (12/15)

entation of the debtor in adversary proceedings and other contested bankruptcy matters;

provisions as needed]

t with the debtor(s), the above-disclosed fee does not include the following services:

---

### CERTIFICATION

ý that the foregoing is a complete statement of any agreement or arrangement for payment to resentation of the debtor(s) in this bankruptcy proceeding.

017                        /s/ Michael Shemtoub
                            *Signature of Attorney*

                         Beverly Law
                         *Name of law firm*

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re: | CASE NO.: 6:17-bk-15828 |
|---|---|
| | CHAPTER: 7 |
| | |
| Debtor(s). | **DEBTOR'S ATTORNEY'S DISCLOSURE OF COMPENSATION ARRANGEMENT IN INDIVIDUAL CHAPTER 7 CASE**<br><br>[LBR 2090-1(a)(3)] |

1. **Compensation Arrangement.** Pursuant to 11 U.S.C. § 329(a), FRBP 2016(b), and LBR 2090-1(a)(3) and (4), I disclose that:

    a. I am the attorney for the Debtor.

    b. Compensation that was paid to me, within one year before the petition was filed, or was agreed to be paid to me, for services rendered or to be rendered on behalf of the Debtor in contemplation of or in connection with this bankruptcy case, is as follows:

        i. For legal services, I have agreed to accept ☐ an hourly rate of $_____; or a ☒ flat fee of $_____

        ii. ☐ Prior to filing this disclosure I received $_____

        iii. ☐ The balance due is $_____

2. **Source of Compensation Paid Postpetition (Postpetition Compensation).**

    a. **Already Paid.** The source(s) of the Postpetition Compensation paid to me was:

        ☐ Debtor(s)    ☐ Other (specify): _____

    b. **To be Paid.** The source(s) of the Postpetition Compensation to be paid to me is:

        ☐ Debtor(s)    ☐ Other (specify): _____

3. **Sharing of Compensation Paid Postpetition.**

    ☐ I have not agreed to share Postpetition Compensation with any other person unless they are members or regular associates of my law firm within the meaning of FRBP 9001(10).

    ☐ I have agreed to share Postpetition Compensation with other person or persons who are not members or regular associates of my law firm within the meaning of FRBP 9001(10). Attached as Exhibit A is a copy of the agreement and a list of the names of the people sharing in the Postpetition Compensation.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Page 1                                    F 2090-1.CH7.ATTY.COMP.DISCLSR

PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
MOHAMMAD TEHRANI, SBN 294569
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Abram.S.Feuerstein@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>CHRISTOPHER DALE SANDERS,<br><br>    Debtor. | Case No. 6:17-bk-17721-WJ<br><br>CHAPTER 7<br><br>**NOTICE OF MOTION AND MOTION TO DISGORGE COMPENSATION PURSUANT TO 11 U.S.C. § 329 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2017; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DIMPLE P. MEHRA IN SUPPORT**<br><br>Date:    January 30, 2018<br>Time:    2:00 p.m.<br>Place:    Courtroom 304<br>    3420 Twelfth Street<br>    Riverside, CA 92501 |

**TO THE HONORABLE WAYNE E. JOHNSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on January 30, 2018, at 2:00 p.m., before the Honorable Wayne E. Johnson, United States Bankruptcy Court Judge, in Courtroom 304, 3420 Twelfth Street, Riverside, CA 92501, Peter C. Anderson, the United States Trustee for the Central District of California, Region 16 (the "U.S. Trustee"), will move the Court pursuant to 11 U.S.C. § 329 and

Federal Rule of Bankruptcy Procedure 2017[1] for an order disgorging compensation paid by debtor, Christopher Dale Sanders (the "Debtor") to his legal counsel, Michael Shemtoub of Wilshire Law (collectively, "Shemtoub"). Shemtoub filed two bankruptcy cases on behalf of the Debtor, and both cases were dismissed for failure to file information. Shemtoub received $1,400 from the Debtor for his services. In light of the foregoing, the U.S. Trustee believes that the Court should review the reasonableness of any compensation received by Shemtoub.

This motion is based on the Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Dimple P. Mehra ("Mehra Decl."), the papers, pleadings and files of record and such evidence as the Court may receive at the time of the hearing on the Motion.

Pursuant to Rule 201 of the Federal Rules of Evidence, the U.S. Trustee respectfully requests that the Court take judicial notice of the Debtors' petition, statements, schedules, and other bankruptcy documents filed in the Recent Cases.

**Local Bankruptcy Rule 9013-1(f) requires that any objection or response to the Motion must be stated in writing, filed with the Court Clerk and served on the U.S. Trustee at 3801 University Avenue, Ste. 720, Riverside, CA 92501 and on the Chapter 7 Trustee, Todd Frealy at 3403 Tenth Street, Ste. 709, Riverside, CA 92501, at least 14 days prior to the hearing. Failure to file and serve an opposition may be considered consent to the relief requested in the Motion.**

DATED: December ___, 2017                    PETER C. ANDERSON
                                             UNITED STATES TRUSTEE


                                             By: /s/ Abram S. Feuerstein
                                                  Abram S. Feuerstein
                                                  Assistant U.S. Trustee

---

[1]    Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    SUMMARY OF ARGUMENT**

3          Shemtoub[2] filed two bankruptcy cases on behalf of the Debtor, and both cases were

4    dismissed for failure to file information.  Shemtoub failed to provide the Debtor with complete

5    and/or competent representation.  The Debtor paid Shemtoub a total of $1,400, including the filing

6    fee.  Shemtoub submitted a stale-dated credit counseling certificate on behalf of the Debtor in this

7    bankruptcy case (the "Bankruptcy Case").

8

**II.    JURISDICTION AND STANDING**

9          Jurisdiction over this core proceeding is based on 28 U.S.C. § 157(b)(2)(A) and (O),

10   1334(b), and the General Order of the District Court referring all Title 11 cases and proceedings to

11   the Bankruptcy Court.  Venue is appropriate pursuant to 28 U.S.C. § 1409(a).  Bankruptcy courts

12   have broad and inherent authority to regulate a debtor's attorney's compensation.  *Law Offices of*

13   *Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997).  Section 307

14   confers standing on the U.S. Trustee to bring this action.  *See also* Fed.R.Bankr.P. 2017(a).

15

**III.    STATEMENT OF FACTS**

16          1.    The Debtor filed a voluntary Chapter 7 petition on September 14, 2017 ("Bankruptcy

17   Case").  [*See* Docket, Mehra Decl., Exh. 1].  Shemtoub represents the Debtor in the Bankruptcy

18   Case.

19          2.    The petition, schedules, and statements filed by Shemtoub on behalf of the Debtor

20   contained numerous errors and inconsistent information.  [*See* Petition and Schedules, Mehra Decl.,

21   Exh. 2].

22          3.    The credit counseling certificate submitted by Shemtoub on behalf of the Debtor was

23   dated more than six months before the petition date.  [*See* Credit Counseling Certificate, Mehra

24   Decl., Exh. 3].

25          4.    Shemtoub disclosed that he charged the Debtor $1,400 in connection with the

26   Bankruptcy Case.  [*See* Disclosures of Compensation of Attorney for Debtor, Mehra Decl., Exh. 4].

27

28

_____

[2]          Capitalized terms used herein have the meanings ascribed to them in the Notice of Motion.

5.  On September 28, 2017, the U.S. Trustee sent an inquiry to Shemtoub requesting an explanation with regard to inconsistencies and errors in the Debtor's petition, schedules, and statements and informed him that the credit counseling certificate submitted on behalf of the Debtor was dated more than six months before the petition date. [*See* Certificate of Credit Counseling, Mehra Decl., Exh. 4].

6.  The Court issued multiple deficiency notices in the Bankruptcy Case. [*See* Mehra Decl., Exh. 1].

7.  On September 28, 2017, after receiving the U.S. Trustee's inquiry, Shemtoub contacted the U.S. Trustee's office.  Based upon discussions with Shemtoub, the U.S. Trustee contends that Shemtoub provided subpar representation to the Debtor.

## IV.  ARGUMENT

A debtor's counsel must provide reasonable value to their client in order to retain compensation.  11 U.S.C. § 329.  A bankruptcy court has the authority under Section 329(b) and Rule 2017(b) to return to the debtor any attorneys' fees that exceed the "reasonable value of the services provided." *In re Jastrem*, 253 F.3d 438, 443 (9th Cir. 2001).  There can be "no doubt" that in the event an attorney neglects to provide all promised specific services, "the fee collected under that compensation agreement would ordinarily be easily deemed excessive . . . ." *In re Johnson*, 291 B.R. 462, 466 (Bankr. D. Minn. 2003).  Further, an attorney's representation of a consumer debtor at the 341(a) meeing is a "fundamental and core obligation." *In re Castorena*, 270 B.R. 504, 530 (Bankr. D. Idaho 2001).  An attorney's reasonable fees after failing to represent a consumer debtor at the 341(a) meeting of creditors may be "minimal." *See In re Taylor*, 242 B.R. 549, 552-53 (Bankr. S.D. Ga. 1999) (finding in a Chapter 13 case where the plan was confirmed that the attorney's fees should be reduced from $1,100 to $250 after counsel failed to attend the debtor's 341(a) hearings).

The Debtor paid Shemtoub a total of $1,400, including the filing fee, to file his bankruptcy case.  Shemtoub failed to provide the agreed upon services not only once, but twice.  Therefore, the Court should find that Shemtoub's services were of limited or no value to the Debtor and order an appropriate disgorgement of fees.

//

//

1  **V.    CONCLUSION**

2         For the reasons set forth above, the U.S. Trustee respectfully requests that the Court enter an

3  order requiring Shemtoub to disgorge all or part of the fees received from the Debtor.

4

5  DATED: December ___, 2017              PETER C. ANDERSON
                                         UNITED STATES TRUSTEE
6

7                                        By: /s/ *Abram S. Feuerstein*
                                             Abram S. Feuerstein
8                                            Assistant U.S. Trustee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>DECLARATION OF DIMPLE P. MEHRA</u>

2   I, Dimple P. Mehra, declare:

3   1.  I am a Bankruptcy Auditor employed by the Department of Justice in the Riverside

4 District Office (RDO) of the Office of the United States Trustee.  I submit this declaration in

5 support of the Motion.  If called as a witness in this matter, I could and would be competent to

6 testify to the facts set forth herein of my own personal knowledge, except as to those matters stated

7 on information and belief and as to such matters, I believe them to be true.

8   2.  Attached hereto as Exhibit 1 is a true and correct copy of the Court's docket, which I

9 obtained from the Court's electronic records.

10   3.  Attached hereto as Exhibit 2 is a true and correct copy of the petition, schedules, and

11 statements filed in the Bankruptcy Case, which I obtained from the Court's electronic records.

12   4.  Attached hereto as Exhibit 3 is a true and correct copy of the credit counseling

13 certificate filed in the Bankruptcy Case, which I obtained from the Court's electronic records.

14   5.  Attached hereto as Exhibit 4 is a true and correct copy of the Compensation

15 Disclosure, which I obtained from the Court's electronic records.

16   I declare under penalty of perjury that the foregoing is true and correct and that this

17 declaration was executed on December _____, 2017, at Riverside, California.

18

19

20              _____
               Dimple P. Mehra

21

22

23

24

25

26

27

28

PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:     (951) 276-6990
Facsimile:     (951) 276-6973
Email:          Abram.S.Feuerstein@usdoj.gov

FILED & ENTERED

DEC 22 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ygreen     DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>CHRISTOPHER DALE SANDERS,<br><br>       Debtors. | Case No. 6:17-bk-17721-WJ<br><br>CHAPTER 7<br><br>**ORDER GRANTING UNITED STATES TRUSTEE'S *EX PARTE* MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE**<br><br>[Pursuant to LBR 5010-1(e), No Hearing Required] |

1       The Court has considered the United States Trustee's *Ex Parte* Motion To Reopen Chapter 7

2  Bankruptcy Case, docket number 28, filed by Peter C. Anderson, the United States Trustee for the

3  Central District of California, Region 16.  Finding that good cause exists to grant the motion,

4  **IT IS HEREBY ORDERED** that:

5       1.     The motion is granted.  This bankruptcy case is reopened.

                       ###

Date: December 22, 2017

Wayne Johnson
United States Bankruptcy Judge

PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:        Abram.S.Feuerstein@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>GABRIEL SANDOVAL,<br><br>        Debtor. | Case No. 6:14-bk-23019-MH<br><br>Chapter 7<br><br>**UNITED STATES TRUSTEE'S *EX PARTE* MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DIMPLE P. MEHRA FILED IN SUPPORT THEREOF**<br><br>[Pursuant to LBR 5010-1(e), No Hearing Required] |

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, AND THE FORMER CHAPTER 7 TRUSTEE:**

1

1    Peter C. Anderson, the United States Trustee for Region 16 (the "U.S. Trustee"), *ex parte*,

2    pursuant to Section 350(b) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 5010

3    and Local Bankruptcy Rule 5010-1, for an order reopening the Chapter 7 bankruptcy case of

4    Gabriel Sandoval (the "Motion") to enable the U.S. Trustee to file stipulation resolving a potential

5    motion seeking the disgorgement of fees against the Debtor's former attorney, Speros P. Maniates

6    of the Speros Maniates Law Offices (collectively, "Maniates"). In support of the Motion, the U.S.

7    Trustee represents:

## I.    PERTINENT FACTS

9        1.        On October 22, 2014, the Debtor filed a voluntary Chapter 7 petition. [*See generally*

10   Docket, Exhibit ("Exh.") 1, attached to the Declaration of Dimple P. Mehra (the "Mehra Decl.")].

11   The Debtor's initial 341(a) Meeting of Creditors was scheduled for November 25, 2014 (the "341a

12   Meeting") and continued several times to allow the Debtor to testify with his attorney present. [*Id.*].

13       2.        On March 30, 2015, the Debtor filed a substitution of attorney. [*See* Mehra Decl.,

14   Exh. 1].

15       3.        On April 26, 2026, the Court closed the Case after the Chapter 7 Trustee completed

16   his administration of assets in the Case. [*See* Mehra Decl., Exh. 1].

17       4.        On May 18, 2016, the U.S. Trustee was informed that the Debtor and his spouse had

18   paid Maniates a total of $5,060 for bankruptcy related services. Upon further investigation, the

19   U.S. Trustee discovered that Maniates had already refunded $3,560 to the Debtor and his spouse.

20   Maniates informed the U.S. Trustee that he was agreeable to refunding the remaining $1,500 to the

21   Debtor.

22

23

24

2

5.     The U.S. Trustee desires that the Court reopen the case to enable the U.S. Trustee to file a stipulation resolving a potential motion to disgorge compensation and to accommodate the refund of $1,500 to the Debtor.[1]

## II.     ARGUMENT

### A.     The Court should Reopen the Bankruptcy Case so that the Parties can File a Disgorgement Stipulation

Federal Rule of Bankruptcy Procedure 5010 provides, in pertinent part, that a "case may be reopened on motion of the debtor or other party in interest pursuant to Section 350(b) of the Code." Fed.R.Bankr.P. 5010.  In turn, Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

Motions to reopen bankruptcy cases should be "routinely granted . . ." *In re Dodge*, 138 B.R. 602, 605 (Bankr. E.D. Cal. 1992).  Moreover, reopening this case is "merely a ministerial or mechanical act," which will not impact or prejudice the rights of the parties.  *See Devore v. Marshack, Chapter 7 Trustee (In re Devore)*, 223 B.R. 193, 198 (B.A.P. 9th Cir. 1998); *Menk*, 241 B.R. at 914 ("an improvident reopening is largely a victimless error.").

In this matter, the Debtor paid $5,060.00 in legal fees to Maniates, in expectation of receiving adequate representation in his bankruptcy proceedings.  Despite receiving the fees, the U.S. Trustee contends that Maniates did not provide adequate representation, and did not return all of the money he had collected.  The U.S. Trustee seeks to reopen this case to allow Maniates to return all of the money he received from the Debtor and to enter a stipulation to that effect.  The Court should reopen this

---

[1]     A copy of the Stipulation is attached to the Declaration of Dimple P. Mehra as Exhibit 2.

3

1  Section 329 provides a bankruptcy remedy unavailable elsewhere and Maniates' actions relate to this

2  bankruptcy case.

3  **B.**    **Notice Is Not Required To Reopen This Case**

4  Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure require notice in

5  order to reopen a case.  Federal Rule of Bankruptcy Procedure 5010 does not require that notice be

6  given to reopen a case.  Fed.R.Bankr.P. 5010.  Section 350(b) also does not "contain the talismanic

7  mention of motion and hearing that connotes the statutory need to permit a contest." *Menk*, 241 B.R.

8  at 914; 11 U.S.C. § 350(b).  In fact, Local Bankruptcy Rule 5010-1 expressly permits a motion to

9  reopen to be considered *ex parte*.  LBR 5010-1(e).  Accordingly, the Court should grant the relief

10  requested in this Motion without notice.

11  **III.**    **CONCLUSION**

12  For the reasons set forth above, the U.S. Trustee respectfully requests that an order be entered

13  reopening this bankruptcy case; waiving any related fees; [2] and for such other and further relief that

14  may be just and equitable.

15  DATED: June 23, 2016

     PETER C. ANDERSON
16       UNITED STATES TRUSTEE

17

     By: /s/ Abram S. Feuerstein
18        Abram S. Feuerstein
      Assistant U.S. Trustee

19

20

21

22

23  _____

[2]    Pursuant to the Court's Bankruptcy Court Miscellaneous Fee Schedule, issued pursuant to
24  28 U.S.C. § 1930(b), the U.S. Trustee should not be charged for re-opening a Chapter 7 case.

4

## DECLARATION OF DIMPLE P. MEHRA

I, Dimple P. Mehra, declare:

1.      I am employed as a Bankruptcy Auditor by the United States Trustee for Region 16, Riverside Field Office ("RDO").

2.      This declaration is submitted in support of the U.S. Trustee's *ex parte* motion to reopen the case of Gabriel Sandoval so that the U.S. Trustee can filed a stipulation resolving a potential motion to disgorge fees against the Debtor's former attorney (the "Motion").[3]  If called as a witness in this matter, I could and would be competent to testify to the following of my own personal knowledge, except with respect to matters that are stated to be true upon information and belief, and as to such matters, I believe that they are true.

3.      On June 1, 2016, the U.S. Trustee accessed the Court's Electronic Records through PACER to review the docket in this case. A true and correct copy of the docket is attached hereto as Exhibit 1.

4.      The U.S. Trustee desires to reopen the case in order to file a stipulation resolving a potential motion seeking the disgorgement of compensation paid to Maniates. A copy of the stipulation is attached hereto as Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on June 23, 2016, at Riverside, California.

Dimple P. Mehra

---

[3]      Capitalized terms have the meanings ascribed to them by the Motion.

5

1                          **PROOF OF SERVICE OF DOCUMENT**

2   I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
    **Office of the U. S. Trustee**
3   **3801 University Ave., #720**
    **Riverside, CA 92501**

4   A true and correct copy of the foregoing document entitled (*specify*)  **UNITED STATES TRUSTEE'S *EX PARTE***
    **MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE; MEMORANDUM OF POINTS AND**
5   **AUTHORITIES; DECLARATION OF DIMPLE P. MEHRA FILED IN SUPPORT THEREOF** will be served or
    was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
6   stated below:

    **1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling
7   General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
    On (*date*)   June 24, 2016 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and
8   determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email
    addresses stated below:

9                                      ☒ Service information continued on attached page

    **2.  SERVED BY UNITED STATES MAIL**:
10
    On (*date*) **June 24, 2016** , I served the following persons and/or entities at the last known addresses in this bankruptcy
11  case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
    first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
    judge will be completed no later than 24 hours after the document is filed.
12
    ┌─────────────────────────────────┐
13  │ Debtor:                         │
    │ Gabriel Sandoval                │
    │ 858 West Cromwell Street        │
    │ Rialto, CA 92376                │
14  └─────────────────────────────────┘      ☐ Service information continued on attached page

15  **3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
    (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  June 24, 2016, I
16  served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in
    writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a
    declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the
17  document is filed.
    Presiding Judge:
18  Hon. Mark D. Houle
    3420 Twelfth St., #365
    Riverside, CA 92501 (overnight mail via Fed Ex)
19
                                       ☐ Service information continued on attached page

20  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

21   June 24, 2016       Bonita DeGrave                        /s/ Bonita DeGrave
       *Date*              *Printed Name*                        *Signature*
22

23

24

                                              6

                              Exhibit 1, pg. 63

# Mailing Information for Case 6:14-bk-23019-MH

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Arturo Cisneros (TR)**    amctrustee@mclaw.org, acisneros@iq7technology.com
- **Charles W Daff (TR)**    charleswdaff@gmail.com, c122@ecfcbis.com
- **Edgar P Lombera**    edgarlombera99@gmail.com, edgarlombera11@gmail.com
- **William Malcolm**    bill@mclaw.org
- **Christina J O**    christinao@mclaw.org, erica@mclaw.org
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

### Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Donald T Fife**
Hahn Fife & Company LLP
790 E Colorado Blvd 9th Fl
Pasadena, CA 91101

**Malcom Cisneros a Law Cop**
2112 Business Center Dr
Second Floor
Irvine, CA 92612

### Creditor List

Click the link above to produce a complete list of **creditors** only.

### List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.

Exhibit 10, pg. 64

**CLOSED**

# U.S. Bankruptcy Court
## Central District of California (Riverside)
### Bankruptcy Petition #: 6:14-bk-23019-MH

*Date filed:* 10/22/2014
*Date terminated:* 04/26/2016
*Debtor discharged:* 02/02/2015
*341 meeting:* 04/08/2015
*Deadline for objecting to discharge:* 01/26/2015
*Deadline for financial mgmt. course:* 01/26/2015

*Assigned to:* Mark D. Houle
Chapter 7
Voluntary
Asset

*Debtor disposition:* Standard Discharge

| | |
|---|---|
| **Debtor** | represented by **Edgar P Lombera** |
| **Gabriel Sandoval** | 1916 Orange Tree Lane |
| 858 West Cromwell Street | Suite 450G |
| Rialto, CA 92376 | Redlands, CA 92374 |
| SAN BERNARDINO-CA | 909-915-0181 |
| SSN / ITIN: xxx-xx-5147 | Fax : 888-485-8348 |
| | Email: edgarlombera99@gmail.com |

**Speros P Maniates**
Speros Maniates Law Offices
2863 Florence Ave
Huntington Park, CA 90255
323-584-1072
Fax : 323-584-1082
Email: sperosm@gmail.com
*TERMINATED: 03/30/2015*

| | |
|---|---|
| **Trustee** | represented by **William Malcolm** |
| **Arturo Cisneros (TR)** | Malcolm & Cisneros |
| 3403 Tenth Street, Suite 714 | 2112 Business Center Dr 2nd Fl |
| Riverside, CA 92501 | Irvine, CA 92612 |
| (951) 328-3124 | 949-252-9400 |
| | Fax : 949- 252-1032 |
| | Email: bill@mclaw.org |

**Christina J O**
Malcolm & Cisneros
2112 Business Center Dr 2nd Fl
Irvine, CA 92612
949-252-9400
Fax : 949-252-1032
Email: christinao@mclaw.org

Exhibit 1, pg. 65          EXHIBIT 1, page 8

*U.S. Trustee*
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| 10/22/2014 | 1 (56 pgs) | Chapter 7 Voluntary Petition . Fee Amount $335 Filed by Gabriel Sandoval (Maniates, Speros) (Entered: 10/22/2014) |
| 10/22/2014 | 2 (1 pg) | Declaration Re: Electronic Filing Filed by Debtor Gabriel Sandoval. (Maniates, Speros) (Entered: 10/22/2014) |
| 10/22/2014 | 3 (1 pg) | Certificate of Credit Counseling Filed by Debtor Gabriel Sandoval. (Maniates, Speros) (Entered: 10/22/2014) |
| 10/22/2014 | 4 (3 pgs) | Copies of All Payment Advices (pay stubs) Filed by Debtor Gabriel Sandoval. (Maniates, Speros) (Entered: 10/22/2014) |
| 10/22/2014 | 5 | Statement of Social Security Number(s) (Official Form B21) Filed by Debtor Gabriel Sandoval. (Maniates, Speros) (Entered: 10/22/2014) |
| 10/22/2014 | 6 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 11/25/2014 at 09:00 AM at RM 101, 3801 University Ave., Riverside, CA 92501. Objections for Discharge due by 01/26/2015. Cert. of Financial Management due by 01/26/2015 for Debtor and Joint Debtor (if joint case) (Maniates, Speros) (Entered: 10/22/2014) |
| 10/25/2014 | 7 (4 pgs) | BNC Certificate of Notice (RE: related document(s) 6 Meeting (AutoAssign Chapter 7)) No. of Notices: 6. Notice Date 10/25/2014. (Admin.) (Entered: 10/25/2014) |
| 10/27/2014 | | Receipt of Voluntary Petition (Chapter 7)(6:14-bk-23019) [misc,volp7] ( 335.00) Filing Fee. Receipt number 38379330. Fee amount 335.00. (re: Doc# 1) (U.S. Treasury) (Entered: 10/27/2014) |
| 11/17/2014 | | |

Exhibit 1, pg. 66          EXHIBIT 1, page 9

| | 8<br>(2 pgs) | Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management - Debtor (Official Form 23) Filed by Debtor Gabriel Sandoval (RE: related document(s)6 Meeting (AutoAssign Chapter 7)). (Maniates, Speros) (Entered: 11/17/2014) |
|---|---|---|
| 11/26/2014 | 9<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by. (Cisneros (TR), Arturo) (Entered: 11/26/2014) |
| 11/26/2014 | 10 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/23/14 at 11:15 AM at RM 103, 3801 University Ave., Riverside, CA 92501. Debtor appeared. (Cisneros (TR), Arturo) (Entered: 11/26/2014) |
| 11/26/2014 | 11<br>(2 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) Filed by Trustee Arturo Cisneros (TR). Proofs of Claims due by 3/2/2015. Government Proof of Claim due by 4/20/2015. (Cisneros (TR), Arturo) (Entered: 11/26/2014) |
| 12/03/2014 | 12<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s) 11 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Arturo Cisneros (TR)) No. of Notices: 6. Notice Date 12/03/2014. (Admin.) (Entered: 12/03/2014) |
| 12/08/2014 | 13<br>(6 pgs) | Amended Schedule C (Official Form B6C) - Property Claimed as Exempt Filed by Debtor Gabriel Sandoval. (Maniates, Speros) (Entered: 12/08/2014) |
| 12/24/2014 | 14<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by. (Cisneros (TR), Arturo) (Entered: 12/24/2014) |
| 12/24/2014 | 15 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 02/10/15 at 01:30 PM at RM 103, 3801 University Ave., Riverside, CA 92501. Debtor appeared. (Cisneros (TR), Arturo) (Entered: 12/24/2014) |
| 02/02/2015 | 16<br>(2 pgs) | DISCHARGE OF DEBTORS (BNC) (Alcala, Maria) (Entered: 02/02/2015) |

| 02/04/2015 | 17<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s) 16 DISCHARGE OF DEBTOR - Chapter 7 (CACB AutoDischarge) (BNC)) No. of Notices: 7. Notice Date 02/04/2015. (Admin.) (Entered: 02/04/2015) |
| --- | --- | --- |
| 02/10/2015 | | Receipt of Certification Fee - $11.00 by 41. Receipt Number 60122933. (admin) (Entered: 02/11/2015) |
| 02/11/2015 | 18<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by. (Cisneros (TR), Arturo) (Entered: 02/11/2015) |
| 02/11/2015 | 19 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 03/17/15 at 01:30 PM at RM 103, 3801 University Ave., Riverside, CA 92501. Debtor appeared. (Cisneros (TR), Arturo) (Entered: 02/11/2015) |
| 03/18/2015 | 20<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by. (Cisneros (TR), Arturo) (Entered: 03/18/2015) |
| 03/18/2015 | 21 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 04/08/15 at 11:30 AM at RM 103, 3801 University Ave., Riverside, CA 92501. Debtor appeared. (Cisneros (TR), Arturo) (Entered: 03/18/2015) |
| 03/30/2015 | 22<br>(3 pgs) | Substitution of attorney *with proof of service* Filed by Debtor Gabriel Sandoval. (Lombera, Edgar) (Entered: 03/30/2015) |
| 03/30/2015 | 23<br>(8 pgs) | Amended Schedule A (Official Form B6A) - Real Property *to correct current value of Residence*, Amended Schedule B (Official Form B6B) - Personal Property *to correct current value of vehicles*, Amended Schedule C (Official Form B6C) - Property Claimed as Exempt *to correct exemption code statues and allowable exemption amounts with proof of service* Filed by Debtor Gabriel Sandoval. (Lombera, Edgar) (Entered: 03/30/2015) |
| 04/09/2015 | 24 | Meeting of Creditors Held and Concluded (Chapter 7 Asset) Filed by Trustee Arturo Cisneros (TR) (RE: related document(s) 19 Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341 |

| | | |
|---|---|---|
| | | (a) Meeting Continued to be held on 03/17/15 at 01:30 PM at RM 103, 3801 University Ave., Riverside, CA 92501. Debtor appeared. (Cisneros (TR), Arturo)). (Cisneros (TR), Arturo) (Entered: 04/09/2015) |
| 05/20/2015 | [25](#) (15 pgs) | Application to Employ Malcolm & Cisneros, A Law Corporation as Special Counsel *and Declaration of William G. Malcolm* Filed by Trustee Arturo Cisneros (TR) (Malcolm, William) (Entered: 05/20/2015) |
| 05/20/2015 | [26](#) (6 pgs) | Notice of motion/application *to Employ* Filed by Trustee Arturo Cisneros (TR) (RE: related document (s)[25](#) Application to Employ Malcolm & Cisneros, A Law Corporation as Special Counsel *and Declaration of William G. Malcolm* Filed by Trustee Arturo Cisneros (TR)). (Malcolm, William) (Entered: 05/20/2015) |
| 06/09/2015 | [27](#) (24 pgs) | Declaration re: non opposition Filed by Trustee Arturo Cisneros (TR) (RE: related document(s)[25](#) Application to Employ Malcolm & Cisneros, A Law Corporation as Special Counsel *and Declaration of William G. Malcolm*). (O, Christina) (Entered: 06/09/2015) |
| 06/22/2015 | [28](#) (2 pgs) | Order Denying Trustee's Application to Employ Special Counsel. (BNC-PDF) (Related Doc #[25](#)) Signed on 6/22/2015. (Sandoval, Rosanna) (Entered: 06/22/2015) |
| 06/24/2015 | [29](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[28](#) Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 06/24/2015. (Admin.) (Entered: 06/24/2015) |
| 07/07/2015 | [30](#) (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) *as Trustee of Wife's bankruptcy case* Filed by Daff (TR), Charles. (Daff (TR), Charles) (Entered: 07/07/2015) |
| 07/29/2015 | [31](#) (17 pgs) | Application to Employ Malcolm & Cisneros, A Law Corporation as Special Counsel *on a Flat Fee Basis; Declaration of William G. Malcolm in Support Thereof* Filed by Trustee Arturo Cisneros (TR) (O, Christina) (Entered: 07/29/2015) |

| | | |
|---|---|---|
| 07/29/2015 | <u>32</u><br>(6 pgs) | Notice of Hearing *on Trustee's Second Application to Employ Malcolm & Cisneros, A Law Corporation, as Special Counsel on a Flat Fee Basis* Filed by Trustee Arturo Cisneros (TR) (RE: related document (s)<u>31</u> Application to Employ Malcolm & Cisneros, A Law Corporation as Special Counsel *on a Flat Fee Basis; Declaration of William G. Malcolm in Support Thereof* Filed by Trustee Arturo Cisneros (TR)). (O, Christina) (Entered: 07/29/2015) |
| 07/29/2015 | <u>33</u><br>(19 pgs) | Motion to Approve Compromise Under Rule 9019 *; For Authorization to Distribute Flat Fee Payment to Special Counsel; and for Abandonment of Property; Memorandum of Points and Authorities; Declaration of A. Cisneros in Support Thereof* Filed by Trustee Arturo Cisneros (TR) (O, Christina) (Entered: 07/29/2015) |
| 07/29/2015 | <u>34</u><br>(7 pgs) | Notice of Hearing *on Trustee's Motion to (1) Approve Compromise of Controversy; (2) for Authorization to Distribute Flat Fee Payment to Special Counsel; and (3) for Abandonment of Property* Filed by Trustee Arturo Cisneros (TR) (RE: related document(s)<u>33</u> Motion to Approve Compromise Under Rule 9019 *; For Authorization to Distribute Flat Fee Payment to Special Counsel; and for Abandonment of Property; Memorandum of Points and Authorities; Declaration of A. Cisneros in Support Thereof* Filed by Trustee Arturo Cisneros (TR)). (O, Christina) (Entered: 07/29/2015) |
| 07/30/2015 | 35 | Hearing Set (RE: related document(s)<u>31</u> Application to Employ filed by Trustee Arturo Cisneros (TR)) The Hearing date is set for 8/19/2015 at 11:00 AM at Crtrm 303, 3420 Twelfth St., Riverside, CA 92501. The case judge is Mark D. Houle (Cargill, Rita) (Entered: 07/30/2015) |
| 07/30/2015 | 36 | Hearing Set (RE: related document(s)<u>33</u> Motion to Approve Compromise Under Rule 9019 filed by Trustee Arturo Cisneros (TR)) The Hearing date is set for 8/19/2015 at 11:00 AM at Crtrm 303, 3420 Twelfth St., Riverside, CA 92501. The case judge is Mark D. Houle (Cargill, Rita) (Entered: 07/30/2015) |
| 08/19/2015 | 37 | Hearing Held - Granted. (RE: related document(s)<u>31</u> Application to Employ filed by Trustee Arturo Cisneros (TR)) (Cargill, Rita) (Entered: 08/19/2015) |

| 08/19/2015 | 38 | Hearing Held - Granted. (RE: related document(s)33 Motion to Approve Compromise Under Rule 9019 filed by Trustee Arturo Cisneros (TR)) (Cargill, Rita) (Entered: 08/19/2015) |
|---|---|---|
| 08/26/2015 | 39 (2 pgs) | Order Granting Motion to Approve Compromise under Rule 9019, for authorization to distribute flat fee payment to special counsel and for abandonment of property. (BNC-PDF) (Related Doc # 33) Signed on 8/26/2015. (Romero, Kimberly) (Entered: 08/26/2015) |
| 08/26/2015 | 40 (2 pgs) | Order Granting Application authorizing Trustee to Employ Malcom Cisneros a Law Corp as special counsel. (BNC-PDF) (Related Doc # 31) Signed on 8/26/2015. (Romero, Kimberly) (Entered: 08/26/2015) |
| 08/28/2015 | 41 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)39 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 08/28/2015. (Admin.) (Entered: 08/28/2015) |
| 08/28/2015 | 42 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)40 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 08/28/2015. (Admin.) (Entered: 08/28/2015) |
| 10/06/2015 | 43 (8 pgs) | Application to Employ Donald T. Fife as Tax Preparer *Trustee's Notice of Motion And Motion Under LBR 2016-2 For; Authorization To Employ Paraprofessionals, And/Or Authorization To Pay Flat Fee To Tax Preparer; Notice of Opportunity To Request Hearing; Declaration Of Trustee; And Declaration Of Paraprofessional* Filed by Trustee Arturo Cisneros (TR) (Cisneros (TR), Arturo) (Entered: 10/06/2015) |
| 11/02/2015 | 44 (11 pgs) | Declaration re: non opposition *Entry of Order Without Hearing Pursuant to LBR 9013-1(o)* Filed by Trustee Arturo Cisneros (TR) (RE: related document(s)43 Application to Employ Donald T. Fife as Tax Preparer *Trustee's Notice of Motion And Motion Under LBR 2016-2 For; Authorization To Employ Paraprofessionals, And/Or Authorization To Pay Flat Fee To Tax Preparer; Notice of Opportunity To Request He). (Cisneros (TR), Arturo)* |

| | | *Warning: Item subsequently amended by docket entry no. 45. Modified on 11/2/2015 (Cargill, Rita). (Entered: 11/02/2015)* |
|---|---|---|
| 11/02/2015 | 45 | Notice to Filer of Error and/or Deficient Document **Incomplete/unreadable PDF was attached to the docket entry. Missing information. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)44 Declaration re: non opposition filed by Trustee Arturo Cisneros (TR)) (Cargill, Rita) (Entered: 11/02/2015) |
| 11/03/2015 | 46 (11 pgs) | Declaration re: non opposition *(Re-filed with correct PDF) Entry of Order Without Hearing Pursuant to LBR 9013-1(o)* Filed by Trustee Arturo Cisneros (TR) (RE: related document(s)43 Application to Employ Donald T. Fife as Tax Preparer *Trustee's Notice of Motion And Motion Under LBR 2016-2 For; Authorization To Employ Paraprofessionals, And/Or Authorization To Pay Flat Fee To Tax Preparer; Notice of Opportunity To Request He).* (Cisneros (TR), Arturo) (Entered: 11/03/2015) |
| 11/04/2015 | 47 (2 pgs) | Order Granting Application to Employ Paraprofessionals and/or Authorization To Pay Flat Fee To Tax Preparer - Donald T Fife of Hahn Fife & Company. (BNC-PDF) (Related Doc # 43) Signed on 11/4/2015. (Cargill, Rita) (Entered: 11/04/2015) |
| 11/06/2015 | 48 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)47 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 11/06/2015. (Admin.) (Entered: 11/06/2015) |
| 01/14/2016 | 49 (2 pgs) | Notice to professionals to file application for compensation Filed by Trustee Arturo Cisneros (TR). (Cisneros (TR), Arturo) (Entered: 01/14/2016) |
| 01/14/2016 | 50 | Notice to Pay Court Costs Due Sent To: Arturo Cisneros, Total Amount Due $0 . (Cargill, Rita) (Entered: 01/14/2016) |
| 01/28/2016 | 51 (21 pgs; 2 docs) | Chapter 7 Trustee's Final Report, Application for Compensation and Application(s) for Compensation of Professionals filed on behalf of Trustee A. CISNEROS. The United States Trustee has reviewed |

| | | |
|---|---|---|
| | | the Chapter 7 Trustee's Final Report. Filed by United States Trustee. (Attachments: # 1 Supplement Declaration in Support of Final Report)(united states trustee (tjf)) (Entered: 01/28/2016) |
| 01/28/2016 | 52 (4 pgs) | Notice of Trustee's Final Report and Applications for Compensation (BNC-PDF) Filed by United States Trustee (RE: related document(s)51). (united states trustee (tjf)) (Entered: 01/28/2016) |
| 01/28/2016 | 53 | Hearing Set (RE: related document(s)52 Notice of Trustee's Final Report and Applications for Compensation (NFR) (BNC-PDF)) Status hearing to be held on 3/2/2016 at 11:00 AM at Crtrm 303, 3420 Twelfth St., Riverside, CA 92501. The case judge is Mark D. Houle (Green, Yolanda) (Entered: 01/28/2016) |
| 01/31/2016 | 54 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)52 Notice of Trustee's Final Report and Applications for Compensation (NFR) (BNC-PDF)) No. of Notices: 14. Notice Date 01/31/2016. (Admin.) (Entered: 01/31/2016) |
| 03/02/2016 | 55 | Hearing Held - Granted. (RE: related document(s)52 Notice of Trustee's Final Report and Applications for Compensation (NFR) (BNC-PDF)) (Cargill, Rita) (Entered: 03/02/2016) |
| 03/03/2016 | 56 (3 pgs) | Order of Distribution for Arturo Cisneros (TR), Trustee Chapter 7, Fees awarded: $4250.00, Expenses awarded: $119.68; Awarded on 3/3/2016 (BNC-PDF) Signed on 3/3/2016. (Cargill, Rita) (Entered: 03/03/2016) |
| 03/05/2016 | 57 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)56 Order of Distribution (BNC-PDF) filed by Trustee Arturo Cisneros (TR)) No. of Notices: 1. Notice Date 03/05/2016. (Admin.) (Entered: 03/05/2016) |
| 04/25/2016 | 58 (11 pgs) | Chapter 7 Trustee's Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged filed on behalf of Trustee A. Cisneros. The United States Trustee has reviewed the Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be |

| | | Discharged. The United States Trustee does not object to the relief requested. Filed by United States Trustee. (united states trustee (tjf)) (Entered: 04/25/2016) |
| 04/26/2016 | 59 | Bankruptcy Case Closed - CHAPTER 7 ASSET. Pursuant to the Trustee's Final Account and Distribution Report Certification that the Estate has been Fully Administered and Application to be Discharged, it is ordered that the above case be closed. No objections having been made by the United States Trustee, the trustee is discharged and the bond is exonerated. (RE: related document(s)11 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Arturo Cisneros (TR), 52 Notice of Trustee's Final Report and Applications for Compensation (NFR) (BNC-PDF)) (Davies-harris, Wanda) (Entered: 04/26/2016) |

| **PACER Service Center** | | | |
| **Transaction Receipt** | | | |
| 06/01/2016 16:24:55 | | | |
| **PACER Login:** | dx2248:4057390:4299065 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:14-bk-23019-MH Fil or Ent: filed From: 3/3/2013 To: 6/1/2016 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Abram.S.Feuerstein@usdoj.gov

**FILED & ENTERED**

**JUN 24 2016**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY harris    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

In re:

GABRIEL SANDOVAL,

　　　　　　Debtors.

Case No. 6:14-bk-23019-MH

Chapter 7

**ORDER GRANTING UNITED STATES TRUSTEE'S *EX PARTE* MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE**

[Pursuant to LBR 5010-1(e), No Hearing Required]

//
//
//
//
//
//
//
//

Exhibit 1 - pg. 75

The ***ex parte*** motion (the "Motion") of Peter C. Anderson, the United States Trustee for

Region 16 (the "U.S. Trustee"), for the entry of an order reopening the Chapter 7 bankruptcy case

filed by Gabriel Sandoval (the "Debtor") came on for consideration by the Honorable Mark D.

Houle, United States Bankruptcy Judge.

Finding that good cause exists to grant the Motion,

**IT IS HEREBY ORDERED** that:

1.    The Motion is **GRANTED**; and

2.    The above-captioned bankruptcy case is reopened.

###

Date: June 24, 2016

Mark Houle
United States Bankruptcy Judge

Exhibit 1 - pg. 76