1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  ABRAM S. FEUERSTEIN, SBN 133775
   ASSISTANT UNITED STATES TRUSTEE
3  EVERETT L. GREEN, SBN 237936
   TRIAL ATTORNEY
4  UNITED STATES DEPARTMENT OF JUSTICE
   OFFICE OF THE UNITED STATES TRUSTEE
5  3801 University Avenue, Suite 720
   Riverside, CA 92501-2804
6  Telephone:    (951) 276-6990
   Facsimile:    (951) 276-6973
7  Email:        Everett.L.Green@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>7419 LLC,<br><br>        Debtor. | Case No. 6:24-bk-12519-RB<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION BY UNITED STATES TRUSTEE TO DENY COMPENSATION TO BENJAMIN HESTON OF NEXUS BANKRUPTCY AND REFUND FEES PURSUANT TO 11 U.S.C. §§ 329 & 330; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVERETT L. GREEN, FILED IN SUPPORT THEREOF**<br><br>**Hearing:**<br>Date:    March 11, 2026<br>Time:   11:00 a.m.<br>Place:   Courtroom 303<br>           United States Bankruptcy Court<br>           3420 Twelfth Street<br>           Riverside, CA 92501 |

**TO THE HONORABLE MAGDALENA REYES BORDEAUX, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, RESPONDENT, AND ALL PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE** that on March 11, 2025, at 11:00 a.m., in courtroom 303 of the United States Bankruptcy Court located at 3420 Twelfth Street, Riverside, California 92501, Peter C. Anderson, the United States Trustee for the Central District of California, Region 16 ("U.S. Trustee"), pursuant to 11 U.S.C. §§ 327, 329, & 330, Federal Rules of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1, will move for an order denying all compensation paid to Benjamin Heston of Nexus Bankruptcy ("Heston") for chapter 11 services, ordering counsel to refund any fees received to the payor, and prohibiting Heston from collecting any further fees for chapter 11 services provided in the bankruptcy case ("Motion").

An order denying fees is warranted because Heston served as the chapter 11 counsel to corporate debtor 7419, LLC ("Debtor") for over five months and, despite prior notices from the U.S. Trustee, failed to obtain court approval to represent the Debtor. He is not eligible to retain any compensation received.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on the attached memorandum of points and authorities, the supporting declaration and exhibits attached thereto and such argument or evidence that may be presented at the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that this Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

DATED: February 4, 2025                    PETER C. ANDERSON
                                           UNITED STATES TRUSTEE

                                           By:    /s/ Everett L. Green
                                                  Everett L. Green
                                                  Trial Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    SUMMARY OF ARGUMENT**

Mr. Heston charged $7,000 to provide chapter 11 expertise and services to a corporate debtor. Although a corporation cannot appear in federal court without counsel, Heston did not seek court approval to represent the Debtor. Despite repeated requests, he did not comply with Federal Rule of Bankruptcy Procedure 2014.

Rules 2014 requires all estate professionals to disclose, among other things, the terms of their retention and connections to the Debtor's insiders, creditors, and parties-in-interest. *See* Fed. R. Bankr. P. 2014. These disclosures ensure professionals representing the estate do not hold conflicts and are disinterested. *Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 880-81 (9th Cir. 1995). An attorney's failure to make the Rule 2014 disclosures is sanctionable conduct — regardless of any harm to the estate. *Id*.

By failing to submit the mandatory disclosures required by Rule 2014, Heston is not entitled to compensation.

Separate from his failure to comply with his ethical obligations, Heston did not provide competent representation to the Debtor. Competent representation, at a minimum, includes knowledge and proficiency of the Code and Rules of Bankruptcy Procedure. *See In Wilde Horse Ent.*, 136 B.R. 830, 840 (Bankr. C.D. Cal. 1991). An attorney has a duty to conduct a reasonable investigation to confirm the information in the schedules is accurate and contains evidentiary support. *See e.g.*, Fed. R. Bankr. P. 9011(b).

Heston did not, however, prepare accurate schedules. In the year leading up to the petition date, the Debtor's insider engaged in substantial transactional activity — depositing and transferring over $300,000 out of the Debtor's bank accounts. Although Heston possessed the bank statements identifying this activity, the schedules and statement of financial affairs did not disclose these transactions. The deficiencies proved to be material. The Debtor's insider continued his activities post-petition, eventually leading to dismissal of the case with prejudice.

Heston did not conduct a thorough review of the case, did not prepare accurate schedules, and when alerted to the mistakes in the schedules, did not promptly amend the schedules. His services fell below the standard of conduct for chapter 11 counsel.

## II.    JURISDICTION

Bankruptcy courts have broad and inherent authority to regulate a debtor's attorney's compensation. *Law Offices of Nicholas A. Franke v. United States Trustee (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997) (citing cases). Bankruptcy courts may properly exercise their authority to deny compensation when an attorney fails to meet the requirements of the Code and Rules of Bankruptcy Procedure. *Id*. (affirming bankruptcy court's order disgorging fees based on counsel's failure to make the disclosures required by the Rules).

## III.    STATEMENT OF FACTS

### A.    Heston Ignores Requests To File An Employment Application.

7419, LLC is a California limited liability company.[1] The Debtor's managing member retained Heston to file chapter 11 to prevent foreclosure of the Debtor's real property.[2] Heston filed a chapter 11 petition and case commencement documents, on May 7, 2024 ("Petition Date"), the day before a scheduled foreclosure sale.[3]

Heston attended an initial debtor interview a few weeks after the Petition Date where a representative of the U.S. Trustee discussed the requirements of the Bankruptcy Code and the Guidelines and Requirements for Chapter 11 Debtors In Possession, effective September 1, 2022 ("U.S. Trustee Guidelines").[4] The U.S. Trustee Guidelines, among other things, provide notice to attorneys to file monthly operating reports.[5] The Guidelines complement the duties set forth in Local Bankruptcy Rule

---

[1]    Declaration of Everett L. Green ("Green Decl.") ¶ 2, Exhibit ("Ex.") 2, pg. 58 (the disclosure of attorney compensation statement states that the source of compensation is the Debtor's manager and owner).

[2]    Green Decl., Ex. 1, pg. 13.

[3]    Green Decl. ¶ 3.

[4]    Green Decl. ¶ 4, Ex. 3, pps. 69-84.

[5]    Green Decl. ¶ 4, Ex. 3, pps. 79-80.

-4-

2014-1, which state that "[a] timely application for employment is a prerequisite to compensation from the estate." *See* LBR 2014-1. Heston signed a document certifying that he reviewed the U.S. Trustee Guidelines.[6]

Heston received additional notice to file an employment application on August 21, 2024, when the U.S. Trustee filed a notice detailing the Debtor's failure to comply with the U.S. Trustee Guidelines.[7] The notice cited Local Bankruptcy Rule 2014-1 and explicitly asked Heston to file an employment application within two weeks.[8]

Despite these requests, Heston did not comply. From the Petition Date, May 7, 2024, to the date the case was dismissed, October 9, 2024, Heston served as the chapter 11 counsel of record.[9] He never disclosed his connections to the Debtor, its creditors and parties-in-interest. He also failed to disclose the terms of his retention. As a result, this Court did not determine whether Heston was disinterested, or whether his compensation and the terms of his retention were fair and reasonable.

**B.    Heston Did Not Provide Competent Representation. He Prepared Inaccurate Schedules, Which Allowed The Debtor's Insider To Engage In Misconduct.**

In the petition, Heston classified the Debtor a single asset real estate entity.[10] The Bankruptcy Code requires single asset real estate debtors to file a feasible plan of reorganization or to commence monthly payments to a secured creditor within a certain period of time. *See* 11 U.S.C. § 362(d)(3).

Notwithstanding these expedited deadlines, on the Petition Date, the schedules and statement of financial affairs reported that the Debtor did not possess any current or past sources of income, revenue, or accounts receivables.[11] The case appeared to lack viability from its inception.

---

[6]    Green Decl. ¶ 5, Ex. 4, pg. 86 (Heston certifies that he has read and understood the U.S. Trustee Guidelines).

[7]    Green Decl., Ex. 5.

[8]    *See id.*, Ex. 5, pps. 91-92.

[9]    Green Decl., Ex. 1, pps. 13-18 (docket does not reflect the filing of an employment application).

[10]   Green Decl., Ex. 2, pg. 20.

[11]   Green Decl., Ex. 2, pps. 28-36 (Schedule A/B reports that the Debtor lacks cash, does not own financial accounts, and is not owed accounts receivables).

As part of his evaluation of feasibility, the U.S. Trustee requested, among other things, the Debtor's pre-petition bank statements. The bank statements reflected deposits and transfers by the Debtor's insider of over $300,000.[12] This activity occurred even as the Debtor's secured creditors were foreclosing on the Debtor's real property. Although Heston possessed the underlying bank statements, he did not disclose these transactions in the statement of financial affairs.[13]

The insider's activity continued post-petition. Within two months after the Petition Date, beginning on May 15, 2024, Mr. Hussain deposited and withdrew approximately $128,000 from the debtor-in-possession accounts and transferred the funds to third parties.[14]

In an attempt to ascertain the full details of the Debtor's pre- and post-petition transfers, on June 18, 2024, the U.S. Trustee requested bank statements and documents of the Debtor's post-petition transfers and an accounting.[15] The Debtor's response was due on July 3, 2024. Heston did not produce documents until July 26, 2024 — three weeks later.[16]

In addition, the U.S. Trustee filed a notice to compel the Debtor to file monthly operating reports.[17] The reports should have reported the deposits and withdrawals out of the debtor-in-possession accounts. Heston did not file any monthly operating reports in the case.[18]

The delay and Heston's failure to file monthly operating reports allowed the insider to continue his misconduct outside of the purview of the U.S. Trustee and creditors.

Heston possessed the underlying bank statements identifying the post-petition transactions, but he did not file monthly operating reports, did not cooperate with the U.S. Trustee's efforts to discover the

---

[12]    See Green Decl., Ex. 6 (the Debtor's pre-petition bank statements reflecting deposits and withdrawals each month).

[13]    Green Decl., Ex. 2, pg. 47 (Debtor responded "none" in response to questions of whether the Debtor made payments or transfers to creditors within 90 days of the Petition Date or whether the Debtor made payments or transfers of property within one year that benefited any insider).

[14]    Green Decl., Ex. 8.

[15]    Green Decl., Ex. 7.

[16]    See id.

[17]    Green Decl., Ex. 5.

[18]    See Green Decl., Ex. 1, pps. 13-18 (docket does not reflect the filing of monthly operating reports).

-6-

details of the post-petition transfers, and did not disclose the conduct in any submissions to the court. These failures help to conceal the insider's misconduct and ultimately led to dismissal of the case with a refiling bar. Heston's conduct fell below the standard required of chapter 11 counsel.

## IV.    ARGUMENT

### A.    To Retain His Fees, Heston Must Demonstrate That He Received Court Approval To Represent The Estate And That His Services Benefitted The Estate.

In chapter 11, payment of attorney fees is not guaranteed. A debtor's counsel must demonstrate they are entitled to a fee award. *See Hale v. United States Trustee (In Basham)*, 208 B.R. 926, (B.A.P. 9th Cir. 1997). Counsel must receive court approval to represent the estate. 11 U.S.C. § 327. After court approval, counsel can only be paid an amount that reflects the value his or her work brings to the estate. 11 U.S.C. § 330 (limiting payments to counsel to the "value" of services rendered and the "benefit" conferred on the estate).

#### 1.    Because He Did Not File An Employment Application, Heston Failed To Comply With The Disclosure Requirements Of Rule 2014.

Court approval of the employment of counsel for a debtor-in-possession is "*sine qua non* to counsel getting paid." *DeRonde v. Rosemary Hill Shirley (In re Shirley)*, 134 B.R. 940, 943-44 (B.A.P. 9th Cir. 1992) (italics added); *Shapiro Buchman LLP v. Gore Brothers (In re Monument Auto Detail, Inc.)*, 226 B.R. 219, 224-225 (B.A.P. 9th Cir. 1998) (failure to obtain court authorization is fatal to any ability to obtain payment for chapter 11 services).

Court approval is a mandatory requirement of the Code. Section 330(a)(1) does not authorize payment of attorney's fees unless an attorney has been employed under Section 327. *See Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S. Ct. 1023 (2004) ("[a] debtor's attorney not engaged as provided by § 327 is simply not included within the class of persons eligible for compensation."); *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 973-74 (9th Cir. 1995).

Ethical considerations also require court approval of the employment of counsel to a debtor-in-possession. The Code requires judicial scrutiny of all dealings between a debtor and their attorneys to protect the estate against overreaching and to prevent abuse. *Shirley*, 134 B.R. at 943-44 (the retention of counsel without judicial scrutiny would create a "terrific opportunity for abuse[] . . .").

Section 327 permits employment only if counsel is disinterested and does not hold or represent interests adverse to the estate. Rule 2014 requires all professionals seeking to represent a debtor to disclose, among other things, the terms of their retention and connections to the Debtor's insiders, creditors, and parties-in-interest. These rules impose an "independent responsibility" of disclosure and "failure to comply with the disclosure rules is a sanctionable violation." *Park-Helena*, 63 F.3d at 880.

In the absence of a judicial determination that counsel is disinterested, counsel is ineligible to receive and retain payment from the estate, even if counsel provided services beneficial to the estate. *See Shirley*, 134 B.R. at 943 (characterizing such persons are "officious intermeddler[s] or gratuitous volunteer[s]"); *Park-Helena*, 63 F.3d 880 (holding that the disclosure rules impose a form of strict liability and affirming order denying all chapter 11 fees).

Despite multiple warnings, Heston did not seek court approval to represent the estate. He did not submit the mandatory Rule 2014 disclosures, and the court did not make a finding that he is disinterested. Heston chose to ignore the statute thereby intentionally relinquishing any right to receive compensation for his chapter 11 services.

### 2.    Heston's Conduct Allowed The Debtor's Insider To Potentially Dissipate Estate Assets. Disgorgement Is Warranted.

Separate from his failure to comply with his ethical obligations, Heston did not provide competent representation to the Debtor. Competent representation, at a minimum, includes knowledge and proficiency of the Code and rules of bankruptcy procedure. *See Wilde Horse Ent.*, 136 B.R. at 840; *see also In re Vettori*, 217 B.R. 242, 245 (Bankr. N.D. Ill. 1998).

An attorney has a duty to conduct a reasonable investigation to ensure the information in the schedules is accurate and contains evidentiary support.

Heston did not, however, prepare accurate schedules. In the year leading up to the Petition Date, the Debtor's insider engaged in substantial transactional activity — depositing and transferring over $300,000 out of the Debtor's bank accounts. Although Heston possessed the bank statements identifying this activity, the schedules and statement of financial affairs did not disclose these transactions.

The deficiencies proved to be material. The Debtor's insider continued his activities post-petition, eventually leading to dismissal of the case with a refiling bar.

1     Heston did not conduct a thorough review of the case, did not prepare accurate schedules, and did not file monthly operating reports. Heston ignored, or did not bring to the court's attention, the insider's misconduct thereby exposing the estate to adverse legal consequences. His services fell below the standard of conduct of competence for chapter 11 counsel.

## V.   CONCLUSION

    For the reasons set forth above, the court should grant the Motion and enter an order denying fees to Heston and ordering him to return any fees received to the payor.

DATED: February 4, 2025

                            PETER C. ANDERSON
                            UNITED STATES TRUSTEE

                          By:    /s/ Everett L. Green
                                  Everett L. Green
                                  Trial Attorney

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3801 University Ave., Ste. 720, Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*): Notice of Motion and Motion to Deny Fees
_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/04/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached electronic mail notice list

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 02/04/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor, 7419, LLC, 7419 Via Deldene, Highland, CA 92346-3933
Respondent, B. Heston, Nexus Bankruptcy, 3090 Bristol Street #400, Costa Mesa, CA 92626

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 02/04/2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Magdalena Reyes Bordeau, 3420 Twelfth St. Ste. 346, Riverside, CA 92501-3819 (overnight mail)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/04/2025 | Everett L. Green | /s/ Everett L. Green |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                   F 9013-3.1.PROOF.SERVICE

# Mailing Information for Case 6:24-bk-12519-RB

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Abram Feuerstein**  abram.s.feuerstein@usdoj.gov
- **Arnold L Graff**  agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net
- **Everett L Green**  everett.l.green@usdoj.gov
- **Benjamin Heston**  bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
- **Cameron C Ridley**  Cameron.Ridley@usdoj.gov
- **United States Trustee (RS)**  ustpregion16.rs.ecf@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.

## DECLARATION OF EVERETT L. GREEN

I, Everett L. Green, hereby declare:

1. I am an attorney duly authorized to practice law in the State of California and before this Court. I serve as a Trial Attorney to the United States Trustee for the Central District of California, Region 16, Riverside Field Office. I submit this declaration in support of the U.S. Trustee's response. I make this declaration of my own personal knowledge except where stated on information and belief, and as to such matters, I believe that they are true. If called as a witness, I could and would testify truthfully to the information contained herein.

2. The Debtor filed a chapter 11 petition and case commencement documents on May 7, 2024. True and correct copies of the docket and schedules, and statement of financial affairs are attached hereto as *Exhibit 1* and *Exhibit 2*.

3. A public records search indicates that the petition was filed the day before a scheduled foreclosure sale.

4. Heston attended an initial debtor interview on May 28, 2024, where a representative of the U.S. Trustee discussed the requirements of the Bankruptcy Code and the Guidelines and Requirements for Chapter 11 Debtors In Possession, effective September 1, 2022 (U.S. Trustee Guidelines"). True and correct copies of the U.S. Trustee Guidelines is attached hereto as *Exhibit 3*.

5. Heston signed a document certifying that he reviewed the U.S. Trustee Guidelines. A true and correct copy is attached hereto as *Exhibit 4*.

6. On August 21, 2024, the U.S. Trustee filed a notice detailing the Debtor's failure to comply with the U.S. Trustee Guidelines, including the failure to file monthly operating reports. A true and correct copy excerpt of the notice is attached hereto as *Exhibit 5*.

7. The docket indicates that from May 7, 2024 to October 28, 2024, Heston served as the chapter 11 counsel of record. The docket does not reflect the filing of monthly operating reports or employment application.

8. As part of an evaluation of feasibility, the U.S. Trustee requested, among other things, the Debtor's pre-petition bank statements. Heston produced pre-petition bank statements, which are attached hereto as *Exhibit 6*.

9. In an attempt to ascertain the full details of the Debtor's pre- and post-petition transfers, on June 18, 2024, the U.S. Trustee requested all bank statements and documents of the Debtor's post-petition transfers and an accounting. The Debtor's response was due on July 3, 2024. Heston did not produce documents until July 26, 2024, and did not produce an accounting. True and correct copies of the U.S. Trustee's document request and the post-petition statements produced to the U.S. Trustee are attached hereto as **Exhibit 7 and Exhibit 8**.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 4, 2025, at Riverside, California.

/s/ Everett L. Green
Everett L. Green