**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>**7419 LLC**<br><br>**Debtor,**<br>**Debtor-In-Possession** | Case No: 6:24-bk-12519-RB<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION IN CHAPTER 11 CASE FOR ODER AUTHORIZING DEBTOR IN POSSESSION TO EMPLOY GENERAL BANKRUPTCY COUNSEL; DECLARATION OF BENJAMIN HESTON**<br><br>No hearing unless requested<br>under LBR 9013-1(o)(4) |

PLEASE TAKE NOTICE that the Debtor in Possession (the "Debtor") requests an order authorizing the Debtor to employ general bankruptcy counsel.

This Motion has been submitted upon notice of opportunity to request a hearing in accordance with LBR 9013-1(o). A complete copy of the Motion, including the legal and factual basis for the relief requested, is attached.

If you wish to object, you must file and serve a written response and a request for hearing with the court. Your response must be submitted no later than 14 days from the date shown on the Proof of Service, plus an additional 3 days if service was made by mail, electronic means, or as provided under Federal Rule of Civil Procedure 5(b)(2)(D), (E), or (F). All oppositions must comply with the requirements of LBR 9013-1(f) and (o).

## MOTION IN CHAPTER 11 CASE FOR ODER AUTHORIZING DEBTOR IN POSSESSION TO EMPLOY GENERAL BANKRUPTCY COUNSEL

7419 LLC, Debtor and Debtor-in-Possession (the "Debtor") in this Chapter 11 proceeding, respectfully submits this Application for an order authorizing the retroactive employment of Benjamin Heston of Nexus Bankruptcy (the "Firm") as its general bankruptcy counsel pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014(a). In support of this Application, the Debtor states as follows:

On or about April 29, 2024, the Debtor sought the legal services of Benjamin Heston, Esq., principal of the Firm, and requested his representation in connection with this bankruptcy proceeding. The Debtor now seeks authorization to employ the Firm retroactively to April 29, 2024.

On May 7, 2024, 7419 LLC caused to be filed a voluntary Chapter 11 Petition. At the time of the Petition was filed, the Debtor owned a piece of real estate located at 7419 Via Deldene, Highland, California, and was on title to a bank account at Wells Fargo.

Shortly after filing, the principal of the Debtor, Syed Sajjad Hussain, encountered financial troubles which threatened the viability of the bankruptcy case. The Debtor filed a Motion to Dismiss the case which was granted on October 9, 2024. The case was reopened to deal with issues related to employment, compensation, disgorgement, and sanctions. These issues were resolved by a stipulation and order entered on March 4, 2024.

The Firm consists of Benjamin Heston, an attorney duly admitted to practice before this Court. Over the past decade, Mr. Heston has represented debtors in hundreds of bankruptcy cases from commencement through conclusion, including numerous contested matters, motions, and adversary proceedings.

Mr. Heston is certified as a Consumer Bankruptcy Law Specialist by the American Board of Certification and is admitted to practice in all California state and federal courts. His practice is devoted exclusively to bankruptcy law, with an emphasis on representing consumer debtors in

2

all aspects of case preparation, litigation, and court appearances. A copy of Mr. Heston's résumé is attached hereto as Exhibit A.

The Debtor agreed to a retainer of $7,000.00, of which $4,000.00 was to be paid prior to filing and was paid by Mr. Hussain. The remaining balance was agreed to be paid after filing; however, no fees were paid or billed after the Petition date due to the dismissal of the case. The Debtor and the Firm entered into a written retainer agreement, a copy of which is attached hereto as Exhibit B.

The Debtor requires the services of the Firm to render, as necessary, the following legal services:

a. Advise the Debtor regarding matters of bankruptcy law and rules, including its powers and duties as Debtor-in-Possession;

b. Advise and assist the Debtor with respect to compliance with the United States Trustee's requirements;

c. Represent the Debtor in proceedings before this Court;

d. Prepare pleadings, reports, schedules, and other documents necessary in this proceeding;

e. Assist in the resolution of disputes with creditors;

f. Make court appearances on behalf of the Debtor;

g. Perform all other legal services reasonably necessary in this case.

The Firm has no prior connection with the Debtor and does not represent any interests adverse to the Debtor or its estate. The Firm does not have any connection or relationship with the Debtor's creditors or any party in interest and is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

///

///

///

WHEREFORE, the Debtor respectfully requests entry of an order authorizing the retroactive employment of Benjamin Heston of Nexus Bankruptcy as its general bankruptcy counsel pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014(a).

Date: May 4, 2025

**NEXUS BANKRUPTCY**

/s/ Benjamin Heston

BENJAMIN HESTON,
Attorney for Debtor

**DECLARARTION OF BENJAMIN HESTON**

I, Benjamin Heston, declare as follows:

1. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.I am the principal attorney at Nexus Bankruptcy, located at 3090 Bristol Street, Suite 400, Costa Mesa, California 92626. My telephone number is (949) 312-1377, and my email address is ben@nexusbk.com.

2. The services I have render in this case include advising the Debtor of its legal rights and obligations under the Bankruptcy Code; preparing and filing all necessary schedules, pleadings, and other documents; representing the Debtor at hearings and in dealings with creditors and other parties in interest; ensuring compliance with the rules and reporting requirements of the Office of the United States Trustee; and generally performing all tasks customarily undertaken by counsel for a debtor-in-possession in a Chapter 11 case. I have been the individual responsible for performing and supervising the services described above.

3. My billing rate is $350.00 per hour for attorney services, and $100.00 per hour for all paralegal or administrative work. A retainer in the amount of $4,000.00 was paid pre-petition by Syed Sajjad Hussain, the sole and managing member of the Debtor. A copy of the executed retainer agreement is attached as Exhibit A.

4. In agreeing to represent the Debtor and preparing this Statement, I conducted a thorough review of all current and former clients, active matters, and contact records within my firm to determine whether any connections exist with the Debtor, its members or insiders, its creditors, the United States Trustee or anyone employed in that office, or any other party in interest in this case. I am not a creditor of the Debtor, nor do I hold an equity security interest in the Debtor, and I am not an insider. I have never served as a director, officer, or employee of the Debtor, and have not done so within the two years prior to the filing of the petition. To the best of my knowledge, I do not hold or represent any interest

1  adverse to the Debtor, the estate, or any class of creditors or equity holders by reason of
2  any direct or indirect relationship to, connection with, or interest in the Debtor or for any
3  other reason. I have never been employed by the Office of the United States Trustee and
4  am not related to any bankruptcy judge. The Firm has not shared and will not share any
5  compensation received in connection with this case.

6  5. Based on this investigation, I have determined that neither I nor my firm has any such
7  connection and therefore the Firm and I are "disinterested persons" within the meaning of
8  11 U.S.C. §101(14).

10  I declare under penalty of perjury under the laws of the United States that the foregoing is
11  true and correct.

14  Date: May 4, 2025

    BENJAMIN HESTON

# EXHIBIT A

# **PROFESSIONAL RÉSUMÉ OF BENJAMIN HESTON**

Benjamin Heston is the founder of Nexus Bankruptcy, a bankruptcy law practice with offices in Costa Mesa and Irvine, California. Since 2021, Mr. Heston has been certified as a Consumer Bankruptcy Law Specialist by the American Board of Certification, a distinction held by a limited number of attorneys nationwide. This certification reflects Mr. Heston's extensive experience in bankruptcy law, his demonstrated expertise through rigorous examination, and his ongoing commitment to professional development and excellence in the field.

Mr. Heston practices exclusively in bankruptcy law, primarily representing debtors in Chapters 7 and 13. Over the course of his career, he has successfully filed hundreds of consumer bankruptcy cases and has extensive experience with adversary proceedings, contested matters, and motion practice. He provides individuals and families with critical financial relief and a path to a fresh start. His approach blends technical proficiency with compassionate advocacy, helping clients navigate some of the most difficult financial challenges of their lives alongside someone who understands their struggles. He has been repeatedly recognized by the Public Law Center and the Riverside Public Service Law Corporation for his dedicated pro bono service to indigent clients.

Mr. Heston is admitted to practice before all California state courts, as well as the United States District Courts for the Central, Southern, Eastern, and Northern Districts of California. He received his Juris Doctor from Southwestern Law School in 2013 and began practicing law in 2014. He holds a Bachelor of Arts degree in Studio Art from the University of California, Irvine, which he earned in 2009.

Mr. Heston lives in Southern California with his two children. His younger son, Ezra, age 7, is a goofy and gifted artist, while his older son, Elijah, age 11, is passionate about music, science, math, technology, and being an effortlessly cool kid. Mr. Heston balances the demands of his practice with deep involvement in his children's lives and creative interests.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

*4.30.2024*

## RETAINER AGREEMENT FOR CHAPTER 13 BANKRUPTCY

By signing this Agreement, Sajjad Hussain ("Client"), employs Benjamin Heston and the law office of Nexus Bankruptcy ("Attorney"), to represent Client in commencing a Chapter 11 bankruptcy case for 7419, LLC under the terms outlined below.

### BASIC SERVICES

Legal services to be rendered as part of the Basic Services include:

1. Analysis of the Client's financial situation and rendering advice and assistance to the Client in determining whether to file a petition under the Bankruptcy Code;

2. Preparation of the petition, schedules, statements, and formulation and preparation of a Chapter 11 plan;

3. Preparation and filing of pre-confirmation documents;

4. Representation of the Clients at the first meeting of creditors, and at the first confirmation hearing.

### FEES FOR BASIC SERVICES

**Client hereby agrees to pay Attorney for the Basic Services described above, in addition to the Bankruptcy Court's *$1,738.00 filing fee*, as follows:**

- **The total fee for Basic Services is $7,000;**
- **$4,000 of the total fee is due prior to filing the Chapter 11 Petition;**
- **$3,000 of the total fee is due after filing.**

### Fees for Legal Services in Addition to Basic Services

Legal services which are not provided as part of the Basic Service, which Attorneys may request be included in your plan and paid along with your creditors, include but are not limited to representation of Client in any adversarial proceedings or motions brought by or against Client, including, but not limited to motions for relief from stay, motions to avoid liens and objections to claims. Client hereby agrees to pay Attorney their customary fee of $350.00 per hour for attorney services, and $100.00 per hour for all paralegal or administrative services.

Attorney will begin work on Client's case upon receipt of this agreement signed by Client and payment of at least $500 toward the retainer fee. Attorney has not been retained by Client, and shall be under no duty to represent Client until Attorney has received a signed copy of this agreement and the indicated retainer fee.

Client shall advance to Attorneys all costs, including but not limited to photocopying at $0.10 per page, actual costs for postage, and other such charges reasonably incurred by

Attorneys for the benefit of Client. Payment for said costs shall be immediately due and payable by Client upon billing or request by Attorney.

In the event that Client chooses to not have Attorneys complete services on Client's behalf or Attorneys declines representation after having been retained, Client shall pay Attorney on an hourly basis for all services and expenses incurred on Client's behalf plus a file set-up fee of $150.00. In the event that Client has paid more than said sum, Attorney shall issue a refund less any processing fees.

In order to secure Client's obligation for payment of fees hereunder, Client hereby grants to Attorney a non-possessory lien against the payments made through the Chapter 11 Plan, specifically including any refunds thereof. Client hereby authorizes Attorney to take such action as is necessary to ensure that any refunds are directed to Attorney's office and hereby appoint Attorney as Client's attorney-in-fact to endorse and negotiate all checks, and other negotiable instruments received by or directed to Attorney on Client's behalf, whether payable to Client or to Client and Attorney jointly, and to deposit such monies into Attorney's Client Trust Account and to withdraw therefrom any and all sums then owing to Attorney by Clients. Client hereby irrevocably instructs the Chapter 13 or 7 Trustee to direct any refunds or sums to which Client may be entitled to Attorney for distribution and hereby release the Trustee from all liability for so directing the refunds or other sums to Attorney.

Attorney reserves the right to increase the hourly rate at any time, with no less than 30 days' written notice to Client.

Client acknowledges that any documents provided to Attorney may be disposed of without further notice. Client should retain originals and/or duplicates of any documents being provided.

In the event that Client does not tender any sums then due and owing pursuant to this Agreement, Attorney shall have the right to terminate this Agreement and to withdraw from further representation of Client in accordance with the California Rules of Professional Conduct.

In the event that a dispute arises between Attorney and Client with regard to any fees, costs, or both, due under this Agreement, such dispute shall be submitted to binding arbitration before the Client Relations/Mandatory Fee Arbitration Committees of the applicable County Bar Association, and each of the parties hereto does hereby agree to be finally bound by the determination of said committees.  In agreeing to binding arbitration of any dispute that may hereafter arise concerning fees, costs, or both, the parties hereto specifically acknowledge that in the absence of this agreement, Business and Professions Code section 6204 limits the rights of the parties to enter into an agreement to be bound by the award of the arbitrator or arbitrators until such time as a dispute has arisen, and each party hereby specifically waives such limitation.

In the event that any dispute arises between Attorney and Client, exclusive of payment of fees and costs, with regard to any matter pertaining to the relationship of Attorney and Client, including claims of malpractice, at the election of either party such dispute shall be submitted to binding arbitration before an arbitrator impaneled by the Judicial Arbitration & Mediation Service in accordance with California Code of Civil Procedure sections 1141.10 et seq., and each of the parties hereto does hereby agree that such determination shall be

binding and final. The cost of such arbitration shall be advanced by the parties equally, and shall be treated as an element of costs to be awarded by the arbitrator.

Client hereby acknowledges that but for this arbitration provision, either party would have the right to have such disputed claim or claims heard before a jury in a court of law, and that by entering into this agreement each of the parties waives such right, as well as the right of appeal. Client further agrees that this agreement is entered into with a complete understanding of its legal effect. By signing below, Client acknowledges that this agreement is entered into freely and without compulsion, duress, or undue influence. Further, Client acknowledges that they have been informed that they have the right to seek independent counsel concerning this agreement, that they have been given an opportunity to seek such counsel, and that by executing this agreement Client acknowledges having obtained independent counsel or hereby waives such right.

<u>**IMPORTANT NOTICE - PLEASE READ CAREFULLY**</u>

**Before signing this contract, please read it carefully. If you do not understand any portion of it, please contact us with your questions and do not sign it until you fully understand it. By signing this retainer agreement, you acknowledge that you have carefully read it, you fully understand it, and that you agree to be bound by all its terms.**

Date: 4/30/2024

_____
SAJJAD HUSSAIN

Date: 4/30/2024

_____
BENJAMIN HESTON, ESQ.

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3090 Bristol Street #400**
**Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION IN CHAPTER 11 CASE FOR ODER AUTHORIZING DEBTOR IN POSSESSION TO EMPLOY GENERAL BANKRUPTCY COUNSEL; DECLARATION OF BENJAMIN HESTON** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 5/4/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Abram Feuerstein     abram.s.feuerstein@usdoj.gov
Arnold L Graff     agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net
Everett L Green     everett.l.green@usdoj.gov
Andrew Mase     amase@theryanfirm.com, ecf@theryanfirm.com
Cameron C Ridley     wcvbees@gmail.com
United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 5/4/2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

7419 LLC
c/o Syed Sajjad Hussain
7419 Via Deldene
Highland, CA 92346

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/4/2025 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-3.1.PROOF.SERVICE**